# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IGT, a Nevada corporation,<br><br>           Plaintiff,<br><br>v.<br><br>BALLY GAMING INTERNATIONAL, INC., a Delaware corporation; BALLY TECHNOLOGIES, INC., a Nevada corporation; and BALLY GAMING, INC., a Nevada corporation d/b/a BALLY TECHNOLOGIES,<br><br>           Defendants. | C.A. No. 06-282<br><br>**DEMAND FOR JURY TRIAL** |

## AMENDED COMPLAINT FOR PATENT INFRINGEMENT

For its claims for relief herein, plaintiff IGT alleges as follows:

### JURISDICTION AND VENUE

1. This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

2. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This court has personal jurisdiction over the defendants Bally Gaming International, Inc., Bally Technologies, Inc. and Bally Gaming, Inc. Bally Gaming International, Inc., is a corporation organized and existing under and by virtue of the laws of the State of Delaware. On information and belief, Bally Technologies Inc. and Bally Gaming, Inc. each

conducts regular business activity in the State of Delaware and derives substantial revenue therefrom.

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

## PARTIES

5. IGT is a corporation organized and existing under and by virtue of the laws of the State of Nevada, and has its principal place of business at 9295 Prototype Drive, Reno, Nevada 89511.

6. Defendant Bally Gaming International, Inc., is a corporation organized and existing under and by virtue of the laws of the State of Delaware, having a principal place of business at 6601 Bermuda Road, Las Vegas, Nevada 89119.

7. On information and belief, defendant Bally Technologies, Inc. ("Bally") is a corporation organized and existing under and by virtue of the laws of the State of Nevada, having a principal place of business at 6601 Bermuda Road, Las Vegas, Nevada 89119.

8. On information and belief, defendant Bally Gaming, Inc., is a corporation organized and existing under and by virtue of the laws of the State of Nevada, having a principal place of business at 6601 Bermuda Road, Las Vegas, Nevada 89119. On information and belief, Bally Gaming, Inc. is doing business as "Bally Technologies."

9. On information and belief, at all times material hereto, each of the defendants was acting as the agent of the others together and in concert through "Bally Technologies," an entity held out to the public as an operating division of defendant Bally.

## COUNT I

### (Infringement of U. S. Patent No. RE 38,812)

10.  IGT repeats and realleges the allegations in paragraphs 1-9 as though fully set forth herein.

11.  IGT is the owner of all right, title and interest in and to U.S. Patent No. RE 38,812 ("the '812 Patent"), entitled "METHOD AND APPARATUS FOR OPERATING NETWORKED GAMING DEVICES," duly and legally issued by the United States Patent & Trademark Office on October 4, 2005. A true and correct copy of the '812 Patent is attached hereto as Exhibit 1.

12.  Defendants have infringed and are currently infringing, inducing infringement of, and/or contributing to the infringement of one or more claims of the '812 Patent, at a minimum, by making, using, selling, offering to sell, advertising, leasing offering to lease, and/or marketing certain gaming technology, including but not limited to their "BALLY POWER BONUSING™" technology.

13.  Defendants have caused and will continue to cause IGT substantial damage and irreparable injury by virtue of their continuing infringement of the '812 Patent. IGT will suffer further damage and irreparable injury unless and until defendants are enjoined by this Court from continuing such infringement.

14.  On information and belief, defendants' infringement as alleged above has been and continues to be willful, and has been carried out with full knowledge of the '812 Patent and IGT's rights therein.

## COUNT II

### (Infringement of U. S. Patent No. RE 37,885)

15. IGT repeats and realleges the allegations in paragraphs 1-9 and 11-14 as though fully set forth herein.

16. IGT is the owner of all right, title and interest in and to U.S. Patent No. RE 37,885 ("the '885 Patent"), entitled "METHOD AND APPARATUS FOR OPERATING NETWORKED GAMING DEVICES," duly and legally issued by the United States Patent & Trademark Office on October 15, 2002. A true and correct copy of the '885 Patent is attached hereto as Exhibit 2.

17. Defendants have infringed and are currently infringing, inducing infringement of, and/or contributing to the infringement of one or more claims of the '885 Patent, at a minimum, by making, using, selling, offering to sell, advertising, leasing offering to lease, and/or marketing certain gaming technology, including but not limited to their "BALLY POWER BONUSING™" technology.

18. Defendants have caused and will continue to cause IGT substantial damage and irreparable injury by virtue of their continuing infringement of the '885 Patent. IGT will suffer further damage and irreparable injury unless and until defendants are enjoined by this Court from continuing such infringement.

19. On information and belief, defendants' infringement as alleged above has been and continues to be willful, and has been carried out with full knowledge of the '885 Patent and IGT's rights therein.

## COUNT III

### (Infringement of U. S. Patent No. 6,832,958)

20.    IGT repeats and realleges the allegations in paragraphs 1-9, 11-14 and 16-19 as though fully set forth herein.

21.    IGT is the owner of all right, title and interest in and to U.S. Patent No. 6,832,958 ("the '2,958 Patent"), entitled "METHOD AND APPARATUS FOR OPERATING NETWORKED GAMING DEVICES," duly and legally issued by the United States Patent & Trademark Office on December 21, 2004.  A true and correct copy of the '2,958 Patent is attached hereto as Exhibit 3.

22.    Defendants have infringed and are currently infringing, inducing infringement of, and/or contributing to the infringement of one or more claims of the '2,958 Patent, at a minimum, by making, using, selling, offering to sell, advertising, leasing offering to lease, and/or marketing certain gaming technology, including but not limited to their "BALLY POWER BONUSING™" technology.

23.    Defendants have caused and will continue to cause IGT substantial damage and irreparable injury by virtue of their continuing infringement of the '2,958 Patent.  IGT will suffer further damage and irreparable injury unless and until defendants are enjoined by this Court from continuing such infringement.

24.    On information and belief, defendants' infringement as alleged above has been and continues to be willful, and has been carried out with full knowledge of the '2,958 Patent and IGT's rights therein.

RLF1-3008140-1

## COUNT IV

### (Infringement of U. S. Patent No. 6,319,125)

25.    IGT repeats and realleges the allegations in paragraphs 1-9, 11-14, 16-19 and 21-24 as though fully set forth herein.

26.    IGT is the owner of all right, title and interest in and to U.S. Patent No. 6,319,125 ("the '125 Patent"), entitled "METHOD APPARATUS FOR PROMOTING PLAY ON A NETWORK OF GAMING DEVICES," duly and legally issued by the United States Patent & Trademark Office on November 20, 2001.  A true and correct copy of the '125 Patent is attached hereto as Exhibit 4.

27.    Defendants have infringed and are currently infringing, inducing infringement of, and/or contributing to the infringement of one or more claims of the '125 Patent, at a minimum, by making, using, selling, offering to sell, advertising, leasing offering to lease, and/or marketing certain gaming technology, including but not limited to their "BALLY POWER BONUSING™" technology.

28.    Defendants have caused and will continue to cause IGT substantial damage and irreparable injury by virtue of their continuing infringement of the '125 Patent.  IGT will suffer further damage and irreparable injury unless and until defendants are enjoined by this Court from continuing such infringement.

29.    On information and belief, defendants' infringement as alleged above has been and continues to be willful, and has been carried out with full knowledge of the '125 Patent and IGT's rights therein.

## COUNT V

### (Infringement of U. S. Patent No. 6,244,958)

30.     IGT repeats and realleges the allegations in paragraphs 1-9, 11-14, 16-19, 21-24 and 26-29 as though fully set forth herein.

31.     IGT is the owner of all right, title and interest in and to U.S. Patent No. 6,244,958 ("the '4,958 Patent"), entitled "METHOD FOR PROVIDING INCENTIVE TO PLAY GAMING DEVICES CONNECTED BY A NETWORK TO A HOST COMPUTER," duly and legally issued by the United States Patent & Trademark Office on June 12, 2001. A true and correct copy of the '4,958 Patent is attached hereto as Exhibit 5.

32.     Defendants have infringed and are currently infringing, inducing infringement of, and/or contributing to the infringement of one or more claims of the '4,958 Patent, at a minimum, by making, using, selling, offering to sell, advertising, leasing offering to lease, and/or marketing certain gaming technology, including but not limited to their "BALLY POWER BONUSING™" technology.

33.     Defendants have caused and will continue to cause IGT substantial damage and irreparable injury by virtue of their continuing infringement of the '4,958 Patent. IGT will suffer further damage and irreparable injury unless and until defendants are enjoined by this Court from continuing such infringement.

34.     On information and belief, defendants' infringement as alleged above has been and continues to be willful, and has been carried out with full knowledge of the '4,958 Patent and IGT's rights therein.

## COUNT VI

### (Infringement of U. S. Patent No. 6,431,983)

35.   IGT repeats and realleges the allegations in paragraphs 1-9, 11-14, 16-19, 21-24, 26-29 and 31-34 as though fully set forth herein.

36.   IGT is the owner of all right, title and interest in and to U.S. Patent No. 6,431,983 ("the '983 Patent"), entitled "METHOD FOR PROVIDING INCENTIVE TO PLAY GAMING DEVICES CONNECTED BY A NETWORK TO A HOST COMPUTER," duly and legally issued by the United States Patent & Trademark Office on August 13, 2002.  A true and correct copy of the '983 Patent is attached hereto as Exhibit 6.

37.   Defendants have infringed and are currently infringing, inducing infringement of, and/or contributing to the infringement of one or more claims of the '983 Patent, at a minimum, by making, using, selling, offering to sell, advertising, leasing offering to lease, and/or marketing certain gaming technology, including but not limited to their "BALLY POWER BONUSING™" technology.

38.   Defendants have caused and will continue to cause IGT substantial damage and irreparable injury by virtue of their continuing infringement of the '983 Patent. IGT will suffer further damage and irreparable injury unless and until defendants are enjoined by this Court from continuing such infringement.

39.   On information and belief, defendants' infringement as alleged above has been and continues to be willful, and has been carried out with full knowledge of the '983 Patent and IGT's rights therein.

RLF1-3008140-1

## COUNT VII

### (Infringement of U. S. Patent No. 6,607,441)

40. IGT repeats and realleges the allegations in paragraphs 1-9, 11-14, 16-19, 21-24, 26-29, 31-34 and 36-39 as though fully set forth herein.

41. IGT is the owner of all right, title and interest in and to U.S. Patent No. 6,607,441 ("the '441 Patent"), entitled "METHOD FOR TRANSFERRING CREDIT FROM ONE GAMING MACHINE TO ANOTHER," duly and legally issued by the United States Patent & Trademark Office on August 19, 2003. A true and correct copy of the '441 Patent is attached hereto as Exhibit 7.

42. Defendants have infringed and are currently infringing, inducing infringement of, and/or contributing to the infringement of one or more claims of the '441 Patent, at a minimum, by making, using, selling, offering to sell, advertising, leasing offering to lease, and/or marketing certain gaming technology, including but not limited to their "BALLY POWER BONUSING™" technology.

43. Defendants have caused and will continue to cause IGT substantial damage and irreparable injury by virtue of their continuing infringement of the '441 Patent. IGT will suffer further damage and irreparable injury unless and until defendants are enjoined by this Court from continuing such infringement.

44. On information and belief, defendants' infringement as alleged above has been and continues to be willful, and has been carried out with full knowledge of the '441 Patent and IGT's rights therein.

RLF1-3008140-1

## COUNT VIII

### (Infringement of U. S. Patent No. 6,565,434)

45. IGT repeats and realleges the allegations in paragraphs 1-9, 11-14, 16-19, 21-24, 26-29, 31-34, 36-39 and 41-44 as though fully set forth herein.

46. IGT is the owner of all right, title and interest in and to U.S. Patent No. 6,565,434 ("the '434 Patent"), entitled "METHOD AND APPARATUS FOR PROMOTING PLAY ON A NETWORK OF GAMING DEVICES," duly and legally issued by the United States Patent & Trademark Office on May 20, 2003. A true and correct copy of the '434 Patent is attached hereto as Exhibit 8.

47. Defendants have infringed and are currently infringing, inducing infringement of, and/or contributing to the infringement of one or more claims of the '434 Patent, at a minimum, by making, using, selling, offering to sell, advertising, leasing offering to lease, and/or marketing certain gaming technology, including but not limited to their "BALLY POWER BONUSING™" technology.

48. Defendants have caused and will continue to cause IGT substantial damage and irreparable injury by virtue of their continuing infringement of the '434 Patent. IGT will suffer further damage and irreparable injury unless and until defendants are enjoined by this Court from continuing such infringement.

49. On information and belief, defendants' infringement as alleged above has been and continues to be willful, and has been carried out with full knowledge of the '434 Patent and IGT's rights therein.

## COUNT IX

### (Infringement of U. S. Patent No. 6,620,046)

50. IGT repeats and realleges the allegations in paragraphs 1-9, 11-14, 16-19, 21-24, 26-29, 31-34, 36-39, 41-44 and 46-49 as though fully set forth herein.

51. IGT is the owner of all right, title and interest in and to U.S. Patent No. 6,620,046 ("the '046 Patent"), entitled "METHOD AND SYSTEM FOR FUNDING AND AWARDING BONUSES IN A GAMING ENVIRONMENT," duly and legally issued by the United States Patent & Trademark Office on September 16, 2003. A true and correct copy of the '046 Patent is attached hereto as Exhibit 9.

52. Defendants have infringed and are currently infringing, inducing infringement of, and/or contributing to the infringement of one or more claims of the '046 Patent, at a minimum, by making, using, selling, offering to sell, advertising, leasing offering to lease, and/or marketing certain gaming technology, including but not limited to their "BALLY POWER BONUSING™" technology.

53. Defendants have caused and will continue to cause IGT substantial damage and irreparable injury by virtue of their continuing infringement of the '046 Patent. IGT will suffer further damage and irreparable injury unless and until defendants are enjoined by this Court from continuing such infringement.

54. On information and belief, defendants' infringement as alleged above has been and continues to be willful, and has been carried out with full knowledge of the '046 Patent and IGT's rights therein.

## PRAYER FOR RELIEF

WHEREFORE, IGT prays for the entry of judgment as follows:

A.  Declaring that defendants have infringed the '812 Patent, the '885 Patent, the '2,958 Patent, the '125 Patent, the '4,958 Patent, the '983 Patent, the '441 Patent, the '434 Patent and the '046 Patent.

B.  Preliminary and permanently enjoining and restraining defendants, their officers, directors, agents, servants, employees, licensees, successors, assigns, those in active concert and participation with them, and all persons acting on their behalf or within their control from infringing, inducing others to infringe, or contributing to any infringement of the '812 Patent, the '885 Patent, the '2,958 Patent, the '125 Patent, the '4,958 Patent, the '983 Patent, the '441 Patent, the '434 Patent and the '046 Patent, pursuant to 35 U.S.C. § 283.

C.  Requiring defendants to:

(1) Send a copy of any decision in this case in favor of IGT to each person or entity to whom defendants sold, leased, or otherwise distributed infringing products, informing such persons or entities of the judgment and that the sale or solicited commercial transaction was wrongful.

(2) Take all necessary steps within their power to recall and collect from all persons and entities any and all infringing products that were made, sold, leased, or otherwise distributed by defendants or anyone acting on their behalf.

(3) File with the Court and serve upon IGT, within 30 days after entry of final judgment in this case, a report in writing and subscribed under oath setting forth in detail the form and manner in which defendants have complied with the Court's orders as prayed for.

D.  Awarding IGT its patent infringement damages and pre-judgment interest pursuant to 35 U.S.C. § 284.

E.  Trebling the damages award because of the willful nature of the infringement.

F.  Declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding IGT its costs, expenses and attorneys' fees in this action.

G.  Granting IGT such other and further relief as justice and equity may require.

## DEMAND FOR JURY TRIAL

IGT hereby demands a trial by jury of all issues in this action.

|  |  |
|---|---|
| OF COUNSEL:<br>David P. Enzminger<br>Brett J. Williamson<br>O'MELVENY & MYERS LLP<br>610 Newport Center Drive, 17thFloor<br>Newport Beach, California  92660-6429 | /s/ William J. Wade/RSY (#4093)<br>William J. Wade (#704)<br>wade@rlf.com<br>Matthew W. King (#4566)<br>king@rlf.com<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, Delaware 19899<br>Telephone: (302) 651-7700<br>*Attorneys for Plaintiff IGT* |

Dated:  May 8, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 8, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, and on May 9, 2006, I caused the foregoing document to be served on the defendants at the addresses and in the manner indicated:

**BY HAND**

Bally Technologies, Inc.
c/o Secretary of State
State of Delaware
John G. Townsend Building
401 Federal Street, Suite 4
Dover, Delaware 19901

Bally Gaming International, Inc.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, Delaware 19801

Bally Gaming, Inc. d/b/a Bally Technologies
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, Delaware 19801

AND I FURTHER CERTIFY that on May 8, 2006, I caused the foregoing document to be sent by Federal Express, next day delivery, to defendant Bally Technologies, Inc. at the following address:

Bally Technologies, Inc.
6601 S. Bermuda Road
Las Vegas, NV 89119

*Anne Shea Gaza*
Anne Shea Gaza (#4093)