# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jack B. Blumenfeld
302 351 9291
302 425 3012 Fax
jblumenfeld@mnat.com

May 12, 2006

BY ELECTRONIC FILING

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE  19801

      Re:    IGT v. Bally Gaming International, Inc., et al.; C.A. No. 06-282 (KAJ)

Dear Judge Jordan:

      We represent Defendants Bally Gaming International, Inc., Bally Technologies, Inc. and Bally Gaming, Inc. (collectively "Bally") in this action.

      On April 28, 2006, IGT filed this action against Bally alleging infringement of nine patents by "certain gaming technology, including but not limited to their 'Bally Power Bonusing' technology." (D.I. 1 at ¶¶ 12, 17, 22, 27, 32, 37, 42, 47, 52.) On May 9, 2006, IGT filed a Motion for Expedited Discovery, asserting that such discovery is necessary so that IGT can "fully ascertain the nature and extent" of Bally's alleged infringement and "determine whether any additional patents it owns are infringed." (D.I. 8 at 3-4.) In other words, without identifying which of the 292 claims in the nine asserted patents are alleged to be infringed, without identifying which Bally "gaming technology" is alleged to infringe, without identifying any alleged irreparable harm, and without explaining why it waited months, if not years, since the technology referenced in the complaint was introduced to bring this action, IGT asks this Court to order an expedited and one-sided fishing expedition. Bally opposes IGT's request for expedited discovery on a number of grounds.

      Initially, there is a procedural issue that should be decided before considering expedited discovery -- namely, whether this action should be transferred to the District of Nevada. Both IGT and Bally have their principal places of business in Nevada. Three of the four named parties are Nevada corporations. The vast majority of the evidence and most of the witnesses are located in Nevada. Much of Bally's "gaming technology" was developed and manufactured in Nevada, and IGT points to allegedly infringing sales in Nevada. In contrast, IGT does not allege that any allegedly infringing activity has taken place in Delaware, and none of the witnesses or relevant documents are located in Delaware.

The Honorable Kent A. Jordan
May 12, 2006
Page 2

In addition, there is prior, pending patent litigation that IGT filed against Bally in the District of Nevada before Judge Robert C. Jones, IGT v. Alliance Gaming Corp. et al., No. CV-S-04-1676-RCJ-RJJ (the "Nevada Action"), which is closely related to this action. Indeed, IGT acknowledges in its brief that there is significant overlap between this action and the Nevada Action. (D.I. 8 at 2, 7-8.) IGT's motion even seeks an order that documents produced in the Nevada Action "be deemed produced for use in this action." In doing so, IGT acknowledges that some of the Bally products accused in the Nevada Action are also "at issue" here.

Rather than bringing this action in the District of Nevada, where the parties all have their principal places of business, where Bally's technology was developed, where most of the documents and witnesses are located, and where the technology is already before the Court, IGT has chosen to forum shop and bring a second action in this Court. Bally submits that this action should be transferred to the District of Nevada and plans to move accordingly.

In addition to the transfer issue, there are a number of additional reasons why IGT's request for expedited discovery should be denied. First, IGT has not identified which of the 292 claims of the nine asserted patents it is asserting against which accused products. IGT has employed a shoot first-aim later strategy. By seeking expedited discovery without even having filed a preliminary injunction motion that articulates its claims, IGT seeks to reverse the proper course of discovery -- whether expedited or not. IGT, as plaintiff, should be required, at a minimum, to provide claim charts identifying the claims it is asserting against specific products before Bally has an obligation to respond to IGT's discovery. Indeed, IGT had to have made such an investigation and determination prior to filing suit.

Second, because IGT has not identified which Bally products are alleged to infringe, the discovery it seeks has no reasonable bounds. Even if IGT is accusing only "Bally Power Bonusing" technology, "Power Bonusing" is not a product. "Power Bonusing" is a marketing label for a suite of at least six different categories of products, including Power Rewards, Power Promotions, Power Sweepstakes, Power Coupon, Power Bank and Power Winners -- a fact that is apparent from the Bally "marketing materials" that IGT says that it relied on to conclude that Bally infringes its patents (D.I. 8. at 1), but copies of which IGT did not provide to the Court. IGT's document requests encompass virtually every aspect of Bally's systems business -- a business that includes hardware and software products for cash monitoring, cashless gaming, accounting, security, maintenance, player tracking, marketing, bonusing and promotions. (See, e.g., Request Nos. 2, 3 and 4 (D.I. 8, Tab. 2).) Such broad requests are plainly overreaching and calculated to impede Bally's ability to fairly compete in the systems market -- a market far broader than the nine patents at issue here.

Third, IGT's request for expedited discovery is completely one-sided. Should the Court order discovery concerning IGT's unspecified claims, such a discovery order should at least be reciprocal.

The Honorable Kent A. Jordan
May 12, 2006
Page 3

Fourth, there is no urgency here, as demonstrated by the press releases IGT points to as evidence of Bally's alleged infringing activities. IGT itself refers to Bally's activities "[o]ver the past several months." (D.I. 8 at 1.) For example, on September 8, 2005, Bally announced a deal with Boyd Gaming to install Power Rewards (formerly eBONUS) at a new casino (D.I. 8, Tab 1), but IGT waited more than eight months to sue. On January 5, 2006, Bally announced the successful installation and operation of Power Rewards at that casino (id.), but IGT still did not sue. Moreover, the Power Rewards (formerly eBONUS) product referred to in those press releases has been in the market for more than five years.

Bally proposes that the Court proceed by first setting a briefing schedule and hearing on Bally's motion to transfer. Once that motion has been resolved, if the case remains in this Court, issues of discovery can then be addressed. In the alternative, if the Court is inclined to permit discovery before the transfer motion is decided, Bally requests that the Court set a date by which IGT must (i) provide a claim chart identifying which of the 292 claims in the nine asserted patents IGT alleges that Bally infringes and which specific Bally products are alleged to infringe each claim, and (ii) identify how IGT contends that it will be irreparably harmed if a preliminary injunction is not granted, including the identification of any alleged lost business opportunities or lost profits and the specific IGT products allegedly affected. The parties can then meet and confer to work out a schedule for an expedited period of limited, <u>mutual</u> discovery.

Finally, given the number of patents and claims involved, Bally requests a thirty-day extension of the time to respond to the amended complaint.

We look forward to discussing these matters with Your Honor this afternoon.

                Respectfully,

                */s/ Jack B. Blumenfeld (#1014)*

                Jack B. Blumenfeld

JBB/bls

cc:    Peter T. Dalleo, Clerk (By Hand)
       William J. Wade, Esquire (By Hand)
       David Enzminger, Esquire (By Fax)
       Charles Verhoeven, Esquire (By Fax)