# EXHIBIT A

*IGT v. BALLY GAMING INT'L, INC., et. al.*
**PROPOSED CASE EVENTS AND DATES FOR
THE PARTIES' JOINT PROPOSED SCHEDULING ORDER**

| Case Event | Joint Proposed Date |
|---|---|
| Rule 26(a)(1) Disclosures (¶ 1) | 5 days after Court enters scheduling order |
| Application for Protective Order (¶ 4) | 10 days after Court enters scheduling order |
| Settlement Conference (¶ 6) | 90 days after Court enters scheduling order |
| Technical tutorial for Court (¶ 9) | Oct. 20, 2006 |
| Comment on opposing party's videotape tutorial (¶ 9) | 10 days of submission of videotape tutorial |
| Interim Status Report (¶ 7) | Oct. 13, 2006 |
| Interim Status Conference (¶ 7) | Oct. 20, 2006 |
| Motions to join parties (¶ 2) | Oct. 20, 2006 |
| Motions to amend or supplement pleadings (¶ 2) | February 16, 2007 |
|  |  |
| Opening expert reports (¶ 3e) (Judge Jordan's form: 90 days prior to close of fact discovery) | April 20, 2007 |
| Rebuttal expert reports (¶ 3e) (Judge Jordan's form: 60 days prior to the close of fact discovery) | May 18, 2007 |
| Motion to object to expert testimony (¶ 3e) (Judge Jordan's form: deadline for dispositive motions) | Deadline for dispositive motions |
| Close of all discovery (¶ 3e) | June 22, 2007 |
|  |  |
| Exchange of claim construction terms and proposed claim construction of those terms (¶ 10) | June 27, 2007 |
| Parties meet and confer re: Joint Claim Construction Chart (¶ 10) | Subsequent to exchange |
| Submission to Court of the parties' Joint Claim Construction Chart (¶ 10) | July 10, 2007 |
| Opening Markman Briefs (¶ 11) | July 13, 2007 |
| Responding Markman Briefs (¶ 11) | August 3, 2007 |
| Claim Construction Hearing (¶ 12) | Sept. 10, 2007 |
|  |  |
| Opening briefs on case dispositive motions (¶ 9) | July 13, 2007 |
| Opposition/Answer briefs to case dispositive motions (¶ 9) | August 3, 2007 |
| Reply briefs to opposition/answer briefs in case dispositive motions (¶ 9) | August 17, 2007 |
| Case dispositive motion hearing | Sept. 10, 2007 |
|  |  |
| Joint Proposed Final Pretrial Order (including any motions *in limine*) (¶¶ 14 and 15) | December 21, 2007 |
| Jury instructions, special verdict forms, jury interrogatories (¶ 16) | January 15, 2008 |

| Final Pretrial Conference (¶ 14) | January 18, 2008 |
| Trial (¶ 17) | February 25, 2008 |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IGT,                                          )
                                              )
                Plaintiff,                    )
                                              )
        v.                                    )        C.A. No. 06-282 (KAJ)
                                              )
BALLY GAMING INTERNATIONAL,                   )
INC., BALLY TECHNOLOGIES, INC.,               )
and BALLY GAMING, INC.,                       )
                                              )
                Defendants.                   )

### SCHEDULING ORDER [Alternate]

Pursuant to Fed. R. Civ. P. 26(f), the parties hereto, by and through their undersigned counsel of record, will stipulate to the following Discovery Plan and [Proposed] Scheduling Order, if the Court requires the parties' scheduling order to conform to the Court's standard scheduling order.

This _____ day of _____, 2006, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on _____, 2006, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1.      Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.    Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within **five (5) days** of the date of this Order.  The Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery) is

incorporated herein by reference.

2.  Joinder of Other Parties and Amendment of Pleading.  All motions to join other parties shall be filed on or before **October 20, 2006.**  And, all motions to amend or supplement the pleadings shall be filed on or before **February 16, 2007.**

3.  Discovery.  The parties stipulate to the following changes to the limitations on discovery provided in the Federal Rules of Civil Procedure and the Local Rules:

a.  Total Time Limit for Depositions.  Each side is limited to a total of _____ hours **[Plaintiff proposes 250 hours; Defendants propose 125 hours]** of taking deposition upon oral examination, inclusive of depositions of organizations pursuant to and as defined in Fed. R. Civ. P. 30(b)(6) but exclusive of depositions of persons identified as experts whose opinions may be presented at trial and whose identities are disclosed pursuant to Fed. R. Civ. P. 26(a)(2).  Any increase in this amount may only be made by stipulation of the parties or approval of the Court.  An organization deposed pursuant to Fed. R. Civ. P. 30(b)(6) shall not be considered a "person" under Fed. R. Civ. P. 30(a)(2)(B), but each such organization shall not be noticed or subpoenaed for deposition more than once on a particular topic without leave of Court or written stipulation of the parties.

b.  Time Limitation for Depositions.  Notwithstanding the time limitation for depositions of one day of seven hours set forth in Fed. R. Civ. P. 30(d)(2),

i.  the parties agree to work with one another to set a reasonable amount of time for the Fed. R. Civ. P. 30(b)(6) depositions, recognizing that such depositions may involve more than one natural person and may require more than one day of seven hours; and

2

ii.     the deposition of a person who has been identified as an expert whose opinions may be presented at trial, pursuant to Fed. R. Civ. P. 26(b)(4), may exceed one day of seven hours, but shall not exceed two days of fourteen (14) hours, unless otherwise authorized by the Court or stipulated by the parties.

c.     <u>Location of Depositions.</u>  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

d.     <u>Discovery Cut Off.</u>  All discovery (including all fact and expert discovery) in this case shall be initiated so that it will be completed on or before **June 22, 2007**.  The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

e.     <u>Disclosure of Expert Testimony.</u>  Unless otherwise agreed to by the parties, they shall file their initial Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on or before **April 20, 2007** on issues on which the party bears the burden of proof.  The parties shall file any rebuttal expert reports on or before **May 18, 2007**. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

f.    Discovery Disputes.  Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6001 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference] any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it.  Disputes overprotective orders are to be addressed in the first instance in accordance with this paragraph.

g.    Requests for Admissions.  Each side is limited to a total of **fifty (50)** requests for admissions, with the exception of requests directed to the authentication of documents.

4.    Application to Court for Protective Order.  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within **ten (10) days** from the date of this Order.  Should counsel be unable to reach an agreement on a proposed form of order, the counsel must first follow the provisions of Paragraph 3f above.

Any proposed order should include the following paragraph:

> Other Proceedings By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who

becomes subject to a motion to disclose another party's information designated "confidential" or "highly confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5.    Papers Filed Under Seal.    When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

6.    Settlement Conference.    Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. The Magistrate Judge will schedule a settlement conference with counsel and their clients to be held within **ninety (90) days** from the date of this Order.

7.    Interim Status Report.    On **October 13, 2006**, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.    On **October 20, 2006,** the Court will hold an interim-status conference by telephone with counsel beginning at 2 p.m. Plaintiff's counsel shall initiate the telephone call.    If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they may so notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

8.    Tutorial Describing the Technology and Matters in Issue.    The parties shall provide the Court by **October 20, 2006**, a tutorial on the technology at issue.    In that regard, each party may submit a videotape of not more than 30 minutes. The parties may choose to present the tutorial in person. In either event, the tutorial should focus on the technology in issue and should not be used to argue the parties' claims construction contentions.    If the parties choose to file videotapes, they should be filed under seal as part of the Court's file, subject to any protective order in effect.    Each party may comment, in writing (in no more than 5 pages) on the opposing party's

videotape tutorial. Any such comment shall be filed within ten (10) days of submission of the videotapes.

9.    Case Dispositive Motions.  The deadline for all the parties to file case dispositive motions, including any opening brief and affidavits in support of the motion shall be **July 13, 2007**. Opposition briefs to any case dispositive motions shall be filed by **August 3, 2007** and any reply briefs shall be filed by **August 17, 2007.**    Beginning at 2 p.m. on **September 10, 2007**, the Court will hear evidence and argument on any case dispositive motions.

10.    Claim Construction Issue Identification.  If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on **June 27, 2007**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted to the Court no later than **July 10, 2007.**  The parties Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon are to be submitted with this Joint Claim Construction Chart.  In this joint submission, the parties shall not provide argument.

11.    Claim Construction.  Opening briefs on issues of claim construction shall also be submitted to the Court no later than **July 13, 2007.**  Responding briefs on issue of claim construction shall be submitted to the Court no later than **August 3, 2007.**

12.    Hearing on Claim Construction.  Beginning at 2 p.m. on **September 10, 2007,**  the Court will hear evidence and argument on claim construction issues.

13.    Applications by Motion.  Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

14.    Pretrial Conference.  The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before **December 21, 2007.  On January 18, 2008** the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at 9:30 a.m.   Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3).

15.    Motions *in Limine.*  Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five pages of argument and may be opposed by a maximum of five pages of argument. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single five (5) page submission, unless otherwise ordered by the Court.  No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

16.    Jury Instructions, Voir Dire and Special Verdict Forms.  Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories **three full business days** before the final pretrial conference. That submission shall be accompanied by a computer diskette (in

WordPerfect format) which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

17.   <u>Trial</u>.  This matter is scheduled for a ten (10) day trial beginning at 9:30 a.m. on **February 25, 2008**. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of 40 (forty) hours to present their case.

SO ORDERED this _____ day of _____, 2006.

_____
J.

EXHIBIT B

*IGT v. BALLY GAMING INT'L, INC., et. al.*
**PROPOSED CASE EVENTS AND DATES FOR
THE PARTIES' JOINT PROPOSED SCHEDULING ORDER**

| Case Event | Joint Proposed Date |
|---|---|
| Rule 26(a)(1) Disclosures (¶ 1) | 5 days after Court enters scheduling order |
| Application for Protective Order (¶ 4) | 10 days after Court enters scheduling order |
| Settlement Conference (¶ 6) | 90 days after Court enters scheduling order |
| Technical tutorial for Court (¶ 9) | Oct. 20, 2006 |
| Comment on opposing party's videotape tutorial (¶ 9) | 10 days of submission of videotape tutorial |
| Interim Status Report (¶ 7) | Oct. 13, 2006 |
| Interim Status Conference (¶ 7) | Oct. 20, 2006 |
| Motions to join parties (¶ 2) | Oct. 20, 2006 |
| Motions to amend or supplement pleadings (¶ 2) | February 16, 2007 |
|  |  |
| Exchange of claim construction terms and proposed claim construction of those terms (¶ 10) | March 9, 2007 |
| Parties meet and confer re: Joint Claim Construction Chart (¶ 10) | Subsequent to exchange |
| Submission to Court of the parties' Joint Claim Construction Chart  (¶ 10) | March 23, 2007 |
| Opening simultaneous Markman Briefs (¶ 11) | April 13, 2007 |
| Responding Markman Briefs (¶ 11) | April 27, 2007 |
| Claim Construction Hearing (¶ 12) | May 14, 2007 |
|  |  |
| Opening expert reports (¶ 3e) (Judge Jordan's form: 90 days prior to close of fact discovery) | June 29, 2007 |
| Rebuttal expert reports (¶ 3e) (Judge Jordan's form: 60 days prior to the close of fact discovery) | July 20, 2007 |
| Motion to object to expert testimony (¶ 3e) (Judge Jordan's form: deadline for dispositive motions) | September 14, 2007 |
| Close of all discovery (¶ 3e) | August 17, 2007 |
|  |  |
| Opening briefs on case dispositive motions (¶ 9) | September 14, 2007 |
| Opposition/Answer briefs to case dispositive motions  (¶ 9) (Per Local Rule 7.1.2:  10 days after service and filing of opening brief) | September 28, 2007 |
| Reply briefs to opposition/answer briefs in case dispositive motions  (¶ 9) (Per Local Rule 7.1.2: 5 days after service and filing of opening brief) | October 5, 2007 |
| Case dispositive motion hearing | October 22, 2007 |
|  |  |
| Joint Proposed Final Pretrial Order (including any motions *in limine*) (¶¶ 14 and 15) | December 21, 2007 |

| Jury instructions, special verdict forms, jury interrogatories (¶ 16) | January 15, 2008 |
|---|---|
| Final Pretrial Conference (¶ 14) | January 18, 2008 |
| Trial (¶ 17) | February 25, 2008 |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IGT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     C.A. No. 06-282 (KAJ) |
| | ) |
| BALLY GAMING INTERNATIONAL, | ) |
| INC., BALLY TECHNOLOGIES, INC., | ) |
| and BALLY GAMING, INC., | ) |
| | ) |
| Defendants. | ) |

**SCHEDULING ORDER [Preferred by Parties]**

Pursuant to Fed. R. Civ. P. 26(f), the parties hereto, by and through their undersigned counsel of record, hereby stipulate to the following Discovery Plan and [Proposed] Scheduling Order.

This _____ day of _____, 2006, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on _____, 2006, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1.     Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within **five (5) days** of the date of this Order. The Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery) is incorporated herein by reference.

2.    <u>Joinder of Other Parties and Amendment of Pleading.</u>  All motions to join other parties shall be filed on or before **October 20, 2006.**  And, all motions to amend or supplement the pleadings shall be filed on or before **February 16, 2007.**

3.    <u>Discovery</u>.  The parties stipulate to the following changes to the limitations on discovery provided in the Federal Rules of Civil Procedure and the Local Rules:

a.    <u>Total Time Limit for Depositions.</u>  Each side is limited to a total of _____ hours **[Plaintiff proposes 250 hours; Defendants propose 125 hours]** of taking deposition upon oral examination, inclusive of depositions of organizations pursuant to and as defined in Fed. R. Civ. P. 30(b)(6) but exclusive of depositions of persons identified as experts whose opinions may be presented at trial and whose identities are disclosed pursuant to Fed. R. Civ. P. 26(a)(2).  Any increase in this amount may only be made by stipulation of the parties or approval of the Court.  An organization deposed pursuant to Fed. R. Civ. P. 30(b)(6) shall not be considered a "person" under Fed. R. Civ. P. 30(a)(2)(B), but each such organization shall not be noticed or subpoenaed for deposition more than once on a particular topic without leave of Court or written stipulation of the parties.

b.    <u>Time Limitation for Depositions.</u>  Notwithstanding the time limitation for depositions of one day of seven hours set forth in Fed. R. Civ. P. 30(d)(2),

i.    the parties agree to work with one another to set a reasonable amount of time for the Fed. R. Civ. P. 30(b)(6) depositions, recognizing that such depositions may involve more than one natural person and may require more than one day of seven hours; and

ii.    the deposition of a person who has been identified as an expert whose opinions may be presented at trial, pursuant to Fed. R. Civ. P. 26(b)(4), may exceed one

2

day of seven hours, but shall not exceed two days of fourteen (14) hours, unless otherwise authorized by the Court or stipulated by the parties.

        c.      <u>Location of Depositions.</u>  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

        d.      <u>Discovery Cut Off.</u>  All discovery (including all fact and expert discovery) in this case shall be initiated so that it will be completed on or before **August 17, 2007**. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

        e.      <u>Disclosure of Expert Testimony.</u>  Unless otherwise agreed to by the parties, they shall serve their initial Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on or before **June 29, 2007** on issues on which the party bears the burden of proof. The parties shall file any rebuttal expert reports on or before **July 20, 2007**. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. The parties agree that the dates selected in this section are intended to allow a reasonable time for preparation of expert reports following the Court's ruling on claim construction.

      f.    <u>Discovery Disputes.</u>  Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6001 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference] any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it.  Disputes overprotective orders are to be addressed in the first instance in accordance with this paragraph.

      g.    <u>Requests for Admissions.</u>  Each side is limited to a total of **fifty (50)** requests for admissions, with the exception of requests directed to the authentication of documents.

    4.    <u>Application to Court for Protective Order</u>.  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within **ten (10) days** from the date of this Order.  Should counsel be unable to reach an agreement on a proposed form of order, the counsel must first follow the provisions of Paragraph 3f above.

Any proposed order should include the following paragraph:

> <u>Other Proceedings</u> By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who

becomes subject to a motion to disclose another party's information designated "confidential" or "highly confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5.    Papers Filed Under Seal.    When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

6.    Settlement Conference.    Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. The Magistrate Judge will schedule a settlement conference with counsel and their clients to be held within **ninety (90) days** from the date of this Order.

7.    Interim Status Report.    On **October 13, 2006**, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.    On **October 20, 2006,** the Court will hold an interim-status conference by telephone with counsel beginning at 2 p.m. Plaintiff's counsel shall initiate the telephone call.  If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they may so notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

8.    Tutorial Describing the Technology and Matters in Issue.    The parties shall provide the Court by **October 20, 2006**, a tutorial on the technology at issue. In that regard, each party may submit a videotape of not more than 30 minutes. The parties may choose to present the tutorial in person. In either event, the tutorial should focus on the technology in issue and should not be used to argue the parties' claims construction contentions.  If the parties choose to file videotapes, they should be filed under seal as part of the Court's file, subject to any protective order in effect.  Each party may comment, in writing (in no more than 5 pages) on the opposing party's

videotape tutorial. Any such comment shall be filed within ten (10) days of submission of the videotapes.

9.    <u>Case Dispositive Motions.</u>  The deadline for all the parties to file case dispositive motions, including any opening brief and affidavits in support of the motion shall be **September 14, 2007**.  Opposition briefs to any case dispositive motions shall be filed by **September 28, 2007** and any reply briefs shall be filed by **October 5, 2007.**   Beginning at 2 p.m. on **October 22, 2007**, the Court will hear evidence and argument on any case dispositive motions.

10.    <u>Claim Construction Issue Identification.</u>  If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on **March 9, 2007**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted to the Court no later than **March 23, 2007.**  The parties Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon are to be submitted with this Joint Claim Construction Chart.  In this joint submission, the parties shall not provide argument.

11.    <u>Claim Construction.</u>  Opening briefs on issues of claim construction shall also be submitted to the Court no later than **April 13, 2007**.  Responding briefs on issue of claim construction shall be submitted to the Court no later than **April 27, 2007.**

12.    <u>Hearing on Claim Construction.</u>  Beginning at 2 p.m. on **May 14, 2007,**  the Court will hear evidence and argument on claim construction issues.

13.    Applications by Motion.  Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

14.    Pretrial Conference.  The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before **December 21, 2007.**  On **January 18, 2008** the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at 9:30 a.m.   Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3).

15.    Motions *in Limine.*  Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five pages of argument and may be opposed by a maximum of five pages of argument. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single five (5) page submission, unless otherwise ordered by the Court.  No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

16.    Jury Instructions, Voir Dire and Special Verdict Forms.  Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories **three full business days** before the final pretrial conference. That submission shall be accompanied by a computer diskette (in

WordPerfect format) which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

17.    <u>Trial</u>.  This matter is scheduled for a ten (10) day trial beginning at 9:30 a.m. on **February 25, 2008**. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of 40 (forty) hours to present their case.

SO ORDERED this _____ day of _____, 2006.


_____
J.

# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jack B. Blumenfeld
302 351 9291
302 425 3012 Fax
jblumenfeld@mnat.com

May 25, 2006

BY ELECTRONIC FILING

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE  19801

Re:     IGT v. Bally Gaming International, Inc., et al.; C.A. No. 06-282 (KAJ)

Dear Judge Jordan:

Following up on the discussion during the May 12 telephone conference, I am writing concerning a scheduling order.  Attached are two proposed orders, each of which includes dates that have been agreed upon by the parties, subject of course to the Court's approval.  The first (Ex. A) uses the Court's form Order.  The second (Ex. B) provides for an earlier Markman hearing and a later schedule for case dispositive motions.  Although the parties prefer the Order attached as Exhibit B, we are submitting both forms, because we did not know whether the Exhibit B form would be acceptable to the Court.  For the Court's convenience, a summary of the dates in each of the proposed orders is attached to the front of each order.

There are only two issues on which the parties have not agreed.  The first is the number of deposition hours.  IGT has proposed 250 hours, and Bally has proposed 125. The second issue involves a proposal by Bally that IGT provide a preliminary identification of the asserted claims and accused products.  The parties are working to resolve these issues, and will only raise them with the Court if they are not able to reach an agreement.

We look forward to discussing the schedule, as well as the other two issues, with Your Honor at the Court's convenience.

Respectfully,

/s/ Jack B. Blumenfeld (#1014)

Jack B. Blumenfeld

The Honorable Kent A. Jordan
May 25, 2006
Page 2


JBB/bls
Attachment

cc:     Peter T. Dalleo, Clerk (By Hand)
        William J. Wade, Esquire (By Hand)
        David Enzminger, Esquire (By Fax)
        Charles Verhoeven, Esquire (By Fax)