# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

KAREN JACOBS LOUDEN
(302) 351-9227
(302) 425-4681
klouden@mnat.com

July 10, 2006

<u>By E-Filing</u>

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE 19801

     Re: <u>IGT v. Bally Gaming International, Inc., et al.; C.A. No. 06-282 (KAJ)</u>

Dear Judge Jordan:

    We submit herewith a proposed Scheduling Order for the Court's consideration which reflects the dates the Court provided at the July 6, 2006 Rule 16 conference.

     Respectfully,

     */s/ Karen Jacobs Louden*

     Karen Jacobs Louden
     klouden@mnat.com

cc: Peter T. Dalleo, Clerk (by e-filing and by hand, w/enc.)
  William J. Wade, Esq. (by hand, w/enc.)
  David Enzminger, Esq. (by telecopy, w/enc.)
  Charles Verhoeven, Esq. (by telecopy, w/enc.)
528011

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IGT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-282 (KAJ) |
| | ) | |
| BALLY GAMING INTERNATIONAL, | ) | |
| INC., BALLY TECHNOLOGIES, INC., | ) | |
| and BALLY GAMING, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## SCHEDULING ORDER

This _____ day of July, 2006, the Court having conducted an initial Rule 16

scheduling and planning conference pursuant to Local Rule 16.2(a) on July 6, 2006, and the parties

having determined after discussion that the matter cannot be resolved at this juncture by settlement,

voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1.    <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.</u>    Unless

otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal

Rule of Civil Procedure 26(a)(1) within five (5) days of the date of this Order.  The Court's Default

Standard for Discovery of Electronic Documents, which is posted at <u>http://www.ded.uscourts.gov</u>

(see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery) is

incorporated herein by reference.

2.    <u>Joinder of Other Parties and Amendment of Pleading.</u>  All motions to join other parties shall be filed on or before October 20, 2006.  And, all motions to amend or supplement the pleadings shall be filed on or before February 16, 2007.

3.    <u>Discovery</u>.  The parties stipulate to the following changes to the limitations on discovery provided in the Federal Rules of Civil Procedure and the Local Rules:

a.    <u>Total Time Limit for Depositions.</u>  Each side is limited to a total of 200 hours of taking deposition upon oral examination, inclusive of depositions of organizations pursuant to and as defined in Fed. R. Civ. P. 30(b)(6) but exclusive of depositions of persons identified as experts whose opinions may be presented at trial and whose identities are disclosed pursuant to Fed. R. Civ. P. 26(a)(2).  Any increase in this amount may only be made by stipulation of the parties or approval of the Court.  An organization deposed pursuant to Fed. R. Civ. P. 30(b)(6) shall not be considered a "person" under Fed. R. Civ. P. 30(a)(2)(B), but each such organization shall not be noticed or subpoenaed for deposition more than once on a particular topic without leave of Court or written stipulation of the parties.

b.    <u>Time Limitation for Depositions.</u>  Notwithstanding the time limitation for depositions of one day of seven hours set forth in Fed. R. Civ. P. 30(d)(2),

i.    the parties agree to work with one another to set a reasonable amount of time for the Fed. R. Civ. P. 30(b)(6) depositions, recognizing that such depositions may involve more than one natural person and may require more than one day of seven hours; and

ii.    the deposition of a person who has been identified as an expert whose opinions may be presented at trial, pursuant to Fed. R. Civ. P. 26(b)(4), may exceed one day of seven hours, but shall not exceed two days of fourteen (14) hours, unless otherwise authorized by the Court or stipulated by the parties.

c.    <u>Location of Depositions.</u>  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

d.    <u>Discovery Cut Off.</u>  All discovery (including all fact and expert discovery) in this case shall be initiated so that it will be completed on or before June 22, 2007.  The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

e.    <u>Disclosure of Expert Testimony.</u>  Unless otherwise agreed to by the parties, they shall file their initial Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on or before April 20, 2007 on issues on which the party bears the burden of proof.  The parties shall file any rebuttal expert reports on or before May 18, 2007. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

   f.  <u>Discovery Disputes.</u> Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6001 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

   g.  <u>Requests for Admissions.</u> Each side is limited to a total of fifty (50) requests for admissions, with the exception of requests directed to the authentication of documents.

  4. <u>Application to Court for Protective Order.</u> Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten (10) days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, the counsel must first follow the provisions of Paragraph 3f above.

 Any proposed order should include the following paragraph:

> <u>Other Proceedings</u> By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who

becomes subject to a motion to disclose another party's information designated "confidential" or "highly confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5.    <u>Papers Filed Under Seal</u>.    When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

6.    <u>Settlement Conference.</u>    Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement.

7.    <u>Interim Status Report</u>.    On April 11, 2007, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.    On April 18, 2007, the Court will hold an interim-status conference by telephone with counsel beginning at 4:30 p.m. Plaintiff's counsel shall initiate the telephone call.    If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they may so notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

8.    <u>Tutorial Describing the Technology and Matters in Issue.</u>    The parties shall provide the Court by November 2, 2006, a tutorial on the technology at issue. In that regard, each party may submit a videotape of not more than 30 minutes. The parties may choose to present the tutorial in person, in which case it will be held beginning at 10:00 a.m. on November 2, 2006, and the parties shall arrange to have the tutorial videotaped.  In either event, the tutorial should focus on the technology in issue and should not be used to argue the parties' claims construction contentions.  If the parties choose to file videotapes, they should be filed under seal as part of the Court's file, subject to any protective order in effect.  Each party may comment, in writing (in no more than 5 pages) on the opposing party's videotape tutorial. Any such comment shall be filed

within ten (10) days of submission of the videotapes.

9.     <u>Case Dispositive Motions.</u>   The deadline for all the parties to file case dispositive motions, including any opening brief and affidavits in support of the motion shall be July 13, 2007. Opposition briefs to any case dispositive motions shall be filed by August 3, 2007 and any reply briefs shall be filed by August 17, 2007.   Beginning at 9:30 a.m. on September 7, 2007, the Court will hear evidence and argument on any case dispositive motions.

10.     <u>Claim Construction Issue Identification.</u>   If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on June 27, 2007, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted to the Court no later than July 10, 2007. The parties Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon are to be submitted with this Joint Claim Construction Chart.  In this joint submission, the parties shall not provide argument.

11.     <u>Claim Construction.</u>   Opening briefs on issues of claim construction shall also be submitted to the Court no later than July 13, 2007.  Responding briefs on issue of claim construction shall be submitted to the Court no later than August 3, 2007.

12.     <u>Hearing on Claim Construction.</u>   Beginning at 9:30 a.m. on September 7, 2007,  the Court will hear evidence and argument on claim construction issues.

13.     <u>Applications by Motion.</u>   Except as otherwise specified herein, any application to the

Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

14.   Pretrial Conference.   The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before December 21, 2007. On January 17, 2008, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at 4:30 p.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3).

15.   Motions *in Limine.*   Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five pages of argument and may be opposed by a maximum of five pages of argument. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single five (5) page submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

16.   Jury Instructions, Voir Dire and Special Verdict Forms.   Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette (in WordPerfect format) which contains the instructions, proposed voir dire, special verdict forms,

and jury interrogatories.

17.   <u>Trial</u>.  This matter is scheduled for a ten (10) day jury trial beginning at 9:30 a.m. on February 25, 2008. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of twenty-two hours to present their case.


_____
District Judge