



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IGT,                                    )
                                        )
                Plaintiff,              )
                                        )
        v.                              )       C.A. No. 06-282 (KAJ)
                                        )
BALLY GAMING INTERNATIONAL,             )
INC., BALLY TECHNOLOGIES, INC.,         )
and BALLY GAMING, INC.,                 )
                                        )
                Defendants.             )

## STIPULATION AND [PROPOSED] PROTECTIVE ORDER

This Stipulation and [Proposed] Protective Order ("Order") is entered into between Plaintiff and Counter Defendant IGT, on the one hand, and Defendants and Counter Plaintiffs Bally Gaming International, Inc., Bally Technologies, Inc., and Bally Gaming, Inc., on the other hand, to address the confidentiality of certain materials produced or to be produced by the parties and non-parties in this action.

It is hereby stipulated and agreed that:

1.    "Confidential" material shall be defined as any information, document or thing produced in connection with this litigation including, without limitation, any information, document or thing produced by parties and third parties pursuant to subpoena or agreement in connection with this litigation, that is reasonably believed by the designating party to be non-public.

2.    "Highly Confidential" material shall be defined as any information, document or thing produced in connection with this litigation, including, without limitation, any information, document or thing produced by parties and third parties pursuant to subpoena or agreement in connection with this litigation, that is reasonably believed by the producing party to be

competitively sensitive and/or a trade secret as defined in 6 Delaware Code § 2001. Any source code produced in connection with this litigation shall be deemed "Highly Confidential," unless such source code is publicly available (*e.g.,* certain Open Source code that is publicly accessible on the internet), and shall further be subject to the additional provisions in Exhibit B.

3.      As used herein, "Confidential" and "Highly Confidential" material may include (a) all papers, tapes, documents (including responses to interrogatories, requests for admission or document requests), disks, diskettes, e-mails, and other tangible things produced by or obtained from any person in connection with this litigation; (b) transcripts of depositions herein and exhibits thereto; and (c) all copies, extracts, and complete or partial summaries prepared from such papers, documents or things.

4.      Documents shall be designated "Confidential" or "Highly Confidential" by (i) marking or stamping each page of any such document "Confidential" or "Highly Confidential"; or (ii) designating a document depository or other location in which documents are maintained as containing only "Confidential" or "Highly Confidential" information. In lieu of marking the originals of documents, any party may mark the copies of such documents that are produced or exchanged.

5.      "Confidential" and "Highly Confidential" material shall be used subject to the terms of this Order and solely in connection with, and only as necessary to, this litigation and the preparation and trial of this case, or any related appellate proceeding, and not for any other purpose, including any business, competitive or governmental purpose or function.

6.      "Confidential" material shall not be discussed with, shown, described or disclosed (hereinafter, collectively "Disclosed") to any person other than (a) persons to whom the producing party previously has disclosed such discovery material and (b) the following persons,

as to whom disclosure shall be limited to the extent reasonably necessary for the prosecution, defense, and/or appeal of this action:

        a.      The Court, persons employed by the Court, jurors or potential jurors in this case or any appeal therefrom, and stenographers or videographers transcribing or recording the testimony or argument at hearing, trial or deposition in this action or any appeal therefrom;

        b.      Counsel of record for the parties to this action, including in-house counsel, associates, legal assistants, paralegals, secretarial and clerical employees, and outside vendors providing services to such counsel (including without limitation, copy services. litigation consulting services, document management services and graphic services);

        c.      Independent experts or consultants retained, employed or informally consulted by counsel or a party in connection with the prosecution, defense and/or appeal of this action, including their secretarial and clerical employees;

        d.      The parties, including their officers, directors, employees and authorized agents;

        e.      Persons who were the authors or recipients of the documents in the ordinary course of business, provided that any review by such persons shall be for the sole purpose of this action and cannot in and of itself form the basis of any future trade secret misappropriation claim; and

        f.      Any other persons to whom the parties agree in writing, including persons to whom disclosure is agreed upon by the parties in any amendments to this Order (appropriately limited in time and/or scope) for the purposes of facilitating

settlement discussions.

7.    "Highly Confidential" material shall not be Disclosed to any person except (a) persons to whom the producing party previously has disclosed such discovery material and (b) the following persons, as to whom disclosure shall be limited to the extent reasonably necessary for the prosecution, defense, and/or appeal of this action:

      a.    The Court, persons employed by the Court, jurors or potential jurors in this case any appeal therefrom, and stenographers or videographers transcribing or regarding the testimony or argument at hearing, trial or deposition in this action or any appeal therefrom;

      b.    Counsel of record to the parties to this action (but excluding in-house counsel), associates, legal assistants, paralegals, secretarial and clerical employees, and outside vendors providing services to such counsel (including without limitation, copy services, litigation consulting services, document management services and graphic services);

      c.    Independent experts and consultants retained, employed or informally consulted by counsel in connection with the prosecution, defense and/or appeal of this action, including their secretarial and clerical employees;

      d.    Persons who were the authors or recipients of the documents in the ordinary course of business, provided that any review by such persons shall be for the sole purpose of this action and cannot in and of itself form the basis of any future trade secret misappropriation claim or any other claim; and

      e.    Any other person to whom the parties agree in writing, including persons to whom disclosure is agreed upon by the parties in any amendments to this Order

(appropriately limited in time and/or scope) for the purposes of facilitating settlement discussions.

8.    Before "Confidential" or "Highly Confidential" material may be disclosed to any person not identified in Paragraphs 6 and/or 7 of this Order, the consent of the producing party must be obtained. The party seeking to disclose such material must provide written notification to the producing party of the identity of the person, including his or her business or government affiliation, who will be shown such material, after which the producing party shall have ten (10) business days to object to the disclosure in writing. In the case of an objection, the party seeking to disclose "Confidential" or "Highly Confidential" material may apply for an order from the Court compelling disclosure. If the producing party consents to the disclosure or fails to object within ten (10) business days after receipt of written notice of the intended disclosure, counsel for the party intending to disclose "Confidential" or "Highly Confidential" material shall furnish a copy of this Order to the person being given access, and the person being given access shall execute a copy of the confidentiality agreement annexed hereto as Exhibit A.

9.    Each expert and consultant to whom any "Confidential" or "Highly Confidential" materials is Disclosed, as described in paragraphs 6(c) and 7(c) above, shall, prior to the time such material is disclosed to him or her, be provided with a copy of this Order and shall certify that he or he or she had carefully read the Order, fully understands its terms, agrees to be bound by those terms, and consents to be subject to the personal jurisdiction of this Court with respect to any proceeding relating to any enforcement of this Order, including any proceeding relating to contempt of court. Such person shall also certify that he or she has had an opportunity to discuss this Order and its relevant requirements with the attorney who has provided such confidential or highly confidential materials to such expert or consultant. This acknowledgement and consent

shall be evidenced by signing a copy of the confidentiality agreement annexed as Exhibit A to this Order.  Executed confidentiality agreements shall be retained by the attorneys of record for the party on whose behalf the expert or consultant is working until further order of the Court.

10.     Provisions of this Order insofar as they restrict the communication and use of "Confidential" and "Highly Confidential" material shall continue to be binding on all persons subject to the terms of this Order until further order of this Court.

11.     The restrictions on the use of "Confidential" and "Highly Confidential" material established pursuant to this Order do not apply to the party, person, or entity producing such material.

12.     By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated "Confidential" or "Highly Confidential" pursuant to this Order shall promptly notify that party of the motion so that the party may have any opportunity to appear and be heard on whether that information should be disclosed.

13.     The foregoing is without prejudice to the right of any party to this Order:  (a) to apply to the Court for a further protective order relating to any "Confidential" and "Highly Confidential" material or relating to any production of documents it considers not subject to discovery; (b) to challenge the confidential designation of any document or other information; and (c) to seek an order from the Court compelling production of documents or modification of this Order or for any order permitting disclosure of confidential material beyond the terms of this Order.  A party shall not be obliged to challenge the propriety of a confidentiality designation at

the time made, and failure to do so shall not preclude a subsequent challenge to such designation. In the event any party to these actions objects, at any stage of the proceedings, to the designation of a document or testimony as confidential, the parties shall try first to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved informally, the objecting party may, on notice to all other parties, apply to the Court for appropriate relief. The supplying party seeking to maintain the confidentiality of the information shall have the burden of establishing that the document or testimony is entitled to confidential treatment. If an application to the Court is made, the document or testimony shall continue to be treated as confidential until the Court enters an order determining otherwise.

14.     Any document filed with the Court that reveals any "Confidential" or "Highly Confidential" material shall be filed under seal.

15.     If "Confidential" or "Highly Confidential" material is disclosed at a deposition, only those persons who are authorized by the terms of this Order to receive such material may be present at the deposition. A party, person, or entity wishing to designate deposition testimony as "Confidential" or "Highly Confidential" may so designate it on the record during the deposition or within thirty (30) days after the designating party, person, entity, or his or her counsel, receives the written deposition transcripts. the portions of the deposition transcripts of all testimony so designated may be bound separately by the reporter in booklets bearing the appropriate designation. Access to such portions of this deposition record shall be limited pursuant to the terms of this Order. In addition, the portion of any deposition in which documents designated as containing "Confidential" or "Highly Confidential" information are marked as exhibits or shown to the deponent or otherwise employed shall be considered confidential and subject to the provisions of this Order to the extent that such portion of the

transcript contains "Confidential" or "Highly Confidential" information.

16.    Any designation that is inadvertently omitted may be corrected by written notification to counsel for the receiving party, and the receiving party shall thereafter mark and treat the materials as "Confidential" or "Highly Confidential," as appropriate, and such material shall be subject to this Protective Order as if it had been initially so designated.  If, prior to receiving such notice, the receiving party has disseminated the Confidential Material to individuals not authorized to receive it hereunder, it shall promptly: (a) inform such individuals of the provisions of this Order; (b) advise the producing party of the identity of "Confidential" or "Highly Confidential" materials so disclosed and the identity of the individual(s) to whom it was disclosed; and (c) make all reasonable efforts to retrieve all copies of documents and things containing the inadvertently disclosed information.

17.    Inadvertent production or disclosure of documents or information subject to the attorney-client privilege, work product immunity, or any other applicable privilege shall not constitute a waiver of, nor prejudice, any claim that such or related material is privileged or protected by the work product immunity or any other applicable privilege.  For example and in particular, the inadvertent or unintentional disclosure by the supplying party of confidential information, regardless of whether the information was so designated at the time of the disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter.  Under any of the foregoing circumstances, the producing party shall notify the receiving party in writing within thirty (30) days after discovery of such inadvertent production.  Such inadvertently produced documents or information, including all copies thereof, shall be returned to the producing party immediately upon request.  Subsequent to

the request that any inadvertently produced documents be returned, no use shall be made of such documents or information, nor shall such documents or information be shown to anyone who has not already been given access to them unless otherwise ordered by the Court. The receiving party may move the Court for an Order compelling production and use of any such inadvertently produced document or information, but the motion shall be filed under seal if the motion discloses or otherwise uses the content of the inadvertently produced document or information. Furthermore, in any dispute as to whether a privilege attaches to an inadvertently disclosed document or information, the supplying party shall bear the burden of establishing that such privilege attaches.

18.    Within thirty (30) days after the settlement or final adjudication, including appeals, of the action or actions in which the documents have been produced, all "Confidential" or "Highly Confidential" material supplied by the parties and non-parties and all copies thereof shall be returned to the producing party or non-party (if the supplying party so requests within fifteen (15) days of the conclusion of the actions and pays the reasonable costs of such return) or shall be certified to have been destroyed; provided, however, that each party's outside counsel may retain a complete file of all litigation documents filed with the Court in these actions.

19.    In order to facilitate third-party discovery, the protections afforded herein shall extend to documents or other things and to testimony provided by or originating from persons, firms, corporations or other entities not a party to this action who designate materials as "Confidential" or "Highly Confidential" in the manner provided in paragraph 4. Any third-party seeking to obtain these protections must sign a copy of the confidentiality agreement annexed to this Order as Exhibit A.

IT IS SO STIPULATED:

RICHARDS, LAYTON & FINGER, P.A.      MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ William J. Wade                  /s/ Karen Jacobs Louden

William J. Wade (#704)               Jack B. Blumenfeld (#1014)
One Rodney Square                    Karen Jacobs Louden (#2881)
P.O. Box 551                         1201 North Market Street
Wilmington, DE 19899                 P.O. Box 1347
(302) 658-6541                       Wilmington, DE 19899
wade@rlf.com                         (302) 658-9200
                                     klouden@mnat.com

OF COUNSEL:                          OF COUNSEL:

David P. Enzminger                   Charles K. Verhoeven
Brett J. Williamson                  Edward DeFranco
Charles A. Thomasian                 QUINN EMANUEL URQUHART
O'MELVENY & MYERS LLP                 OLIVER & HEDGES, LLP
610 Newport Center Drive, 17thFloor  50 California Street, 22nd Floor
Newport Beach, CA 92660-6429         San Francisco, CA 94111
(949) 760-9600                       (415) 875-6600

*Attorneys for Plaintiff IGT*          *Attorneys for Defendants Bally Gaming International, Inc., Bally Technologies, Inc., and Bally Gaming, Inc.*

July 25, 2006
530262

IT IS HEREBY ORDERED THIS 27th DAY OF July , 2006.

_____
The Honorable Kent A. Jordan

# EXHIBIT "A"

I, _____, state that:

1.    My home address is _____
_____.

2.    My present employer is _____
_____.

3.    My present occupation or job description is _____
_____
_____.

4.    I am not working or consulting for any party in the above-captioned lawsuit, except as follows: _____
_____
_____
_____.

5.    I have received a copy of the Stipulation and Protective Order (the "Stipulated Protective Order") in the above-captioned lawsuit and I have carefully read and understand the provisions of the Stipulated Protective Order, a copy of which is appended hereto.

6.    Counsel for _____ has explained to me my obligations under the Stipulated Protective Order.

7.    I will comply with all of the provisions of the Stipulated Protective Order.

8.    I will advise any necessary assistant of mine of the nature of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information which I disclose to such assistant and will be responsible for assuring that such assistant complies with the same obligations of confidentiality to which I am hereby agreeing.

9.    Upon completion of my work, I will return all "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information which comes into my possession to counsel for the party by whom I am employed or retained.

10.    I further acknowledge that any failure to comply with the Stipulated Protective Order may be punishable as contempt of Court and/or give rise to a claim against me by the party or parties who designated the information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

11.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Declaration and Acknowledgement pursuant to the Stipulated Protective Order.

12.    I declare that all statements made herein are true and correct and understand that any willful false statement is punishable by fine and/or imprisonment.

Executed on _____ at _____.


_____
Signature


_____
Name (typed / printed)

**EXHIBIT "B"**
**PROTECTION OF SOURCE CODE**

Source code produced by a party in electronic format (the "electronic source code") shall be subject to all the provisions in the protective order entered in this case on July __, 2006 (the "Protective Order") and the following additional provisions:

(1)    Outside counsel for the receiving party and employees of outside counsel to whom it is reasonably necessary to disclose such information (collectively "Outside Counsel") shall retain exclusive possession at its offices of the electronic source code and agrees to maintain only one copy of the media via which the electronic source code was produced at each facility of Outside Counsel.

(2)    Notwithstanding the prior paragraph, Outside Counsel may copy the electronic source code (or any portion of it) into memory or disk storage of a single Stand-Alone Computer at each facility of Outside Counsel. A Stand-Alone Computer is a computer that is password-protected, located at Outside Counsel's office, and is at all times non-networked whether or not the electronic source code is being viewed or analyzed at any time. Nothing in paragraph (1) above and/or the prior sentence prevents copying by Outside Counsel into memory of a computer the electronic source code (or any portion of it) as part of investigation, analysis, or review, such as in an emulator, simulator, or debugger, provided the computer is password-protected and is at all times in the exclusive custody and possession of Outside Counsel.

(3)    Upon request, a producing party will host and provide full access to a working copy (*i.e.,* executable code only) of a software program whose source code it has previously produced (in whole or in part). Other than as previously produced or properly requested and discoverable under the Federal Rules of Civil Procedure, nothing in the foregoing sentence

obligates the producing party to produce any other part of the source code of the working copy of the software. At the sole discretion of the producing party, it may provide access to the working copy of the software at one of its law firms or at a facility of the producing party. Access under this paragraph shall only be limited by the provisions of Protective Order and the additional provisions contained herein.

(4)    The receiving party acknowledges that any expert retained and approved pursuant to the Protective Order may not take and maintain actual possession of the media on which the electronic source code is produced or a computer on which the electronic source code is loaded, except at a facility of Outside Counsel.

(5)    If the electronic source code is produced in encrypted form, when not in use, it must be stored in encrypted form.

(6)    Unencrypted excerpts of the electronic source code may be included in electronic documents such as legal memoranda, exhibits, reports, declarations, or other word processing or presentation documents provided that any electronic versions of such documents are password protected. Excerpts of the electronic source code in an email (other than in a password-protected attachment to the email) satisfy the requirements of this paragraph so long as access to the email account containing the email requires a password. Under no circumstances shall electronic source code be included in its in entirety in an email or other electronic document.

(7)    If any document is filed with the Court that contains the electronic source code (or portions thereof), an application to file the document under seal will be made as set forth in the Protective Order.

(8)     Section 18 of the Protective Order ("Final Disposition") shall apply to the electronic source code except that compliance shall be within sixty days after final disposition and, if the electronic source code is returned, shall be returned in encrypted form.

(9)     Except for paragraph 7 above, none of the additional provisions contained herein apply to the printing of the electronic source code (or any portions thereof), the documents so printed, or copies thereof.  Printed copies of the electronic source code (or any portions thereof) shall be maintained by the receiving party in the manner provided for under the Protective Order pursuant to its designation.

3