# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jack B. Blumenfeld
302 351 9291
302 425 3012 Fax
jblumenfeld@mnat.com

October 31, 2006

<u>BY ELECTRONIC FILING</u>

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE 19801

  Re: <u>IGT v. Bally Gaming International, Inc., et al.; C.A. No. 06-282 (KAJ)</u>

Dear Judge Jordan:

  We represent the Bally defendants in this action. Since July, a technical tutorial has been scheduled for this Thursday, November 2, at 11:00. Just today, however, two days before the tutorial, IGT's counsel told us that IGT plans to file a preliminary injunction motion, perhaps as soon as the end of this week. That was the first time plaintiff mentioned such a motion since shortly after this case was filed in April. IGT's counsel also advised us this afternoon that, of the ninety-five claims of nine patents that it is asserting against twelve Bally products, six claims of five of those patents will be the subject of its preliminary injunction motion.

  Although both parties undoubtedly have in mind Your Honor's direction that the technical tutorial not address infringement or validity issues, in view of the timing of IGT's motion, we do not see how IGT's counsel can help but focus on technical issues relevant to its upcoming motion. Although plaintiff may have had the focus of its case in mind for weeks or months, we did not learn that until today. We believe that it would be much more efficient – for both the parties and for the Court – to postpone the technology tutorial until after IGT has filed its motion papers, so that everyone is playing on the same field.

  We have discussed postponing the tutorial with IGT's counsel, but they have not agreed. We respectfully request that the Court reschedule the tutorial for a date after IGT's preliminary injunction motion has been filed. We are, of course, prepared to go forward on Thursday if the Court would prefer to do so, but we feel that we will be at a disadvantage in light of what we have learned today.

The Honorable Kent A. Jordan
October 31, 2006
Page 2

                                           Respectfully,

                                           */s/ Jack B. Blumenfeld*

                                         Jack B. Blumenfeld (#1014)

JBB/bls

cc:    Peter T. Dalleo, Clerk (By Hand)
        William J. Wade, Esquire (By Hand)
        David Enzminger, Esquire (By Email)
        Charles Verhoeven, Esquire (By Email)
        Edward DeFranco, Esquire (By Email)

543786