# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jack B. Blumenfeld
302 351 9291
302 425 3012 Fax
jblumenfeld@mnat.com

November 15, 2006

<u>By E-Filing</u>

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE  19801

      Re:    <u>IGT v. Bally Gaming International, Inc., et al.; C.A. No. 06-282 (KAJ)</u>

Dear Judge Jordan:

      I am writing on behalf of the Bally defendants.  As your Honor directed at the November 2 tutorial, the parties have attempted to agree upon a schedule for briefing and argument of IGT's October 31 preliminary injunction motion. Unfortunately, no agreement has been reached. Accordingly, we request a telephonic scheduling conference at the Court's earliest convenience.

      IGT's position is that Bally should take discovery and file an answering brief on the preliminary injunction motion by December 15 (a month from now), and that IGT would then get four weeks to reply (on January 12), with a hearing on January 29, 2007.  Thus, IGT proposes a hearing eleven weeks from now, but to give Bally only four weeks to take discovery and prepare its papers.

      Bally believes that it needs until February 15, 2007 to take discovery and to file its opposition.  This is based in large part on the numerous issues raised in IGT's motion, the fact that no depositions have been taken in the case and the upcoming holidays. IGT can then submit its reply, which would permit a hearing by mid-March.

**<u>The Asserted Claims</u>**

      IGT has asserted ninety-five claims of the nine patents in this action.  During the technical tutorial, Your Honor indicated that the parties should exercise good judgment and reduce the number of claims that can reasonably be handled in this case.  IGT's counsel has indicated that IGT is not yet in a position to reduce the number of claims at issue.

The Honorable Kent A. Jordan
November 15, 2006
Page 2

Bally believes that IGT should be in a position to focus its case now, which will help Bally to narrow the discovery needed to oppose IGT's preliminary injunction motion. For example, without any reduction in the number of asserted claims, Bally will be required to take deposition discovery on five patents now on an expedited basis, and then retake depositions once IGT limits the asserted claims. Bally believes that it makes the most sense for IGT to limit its claims now.

**The Discovery and Time Bally Needs**

On its preliminary injunction motion, IGT has asserted six claims of five of the patents-in-suit. There are four named inventors on those five patents. In addition, in support of its motion, IGT submitted a 40-page declaration from its technical expert, Mr. Lewin, with 700-800 pages of exhibits. IGT also submitted a declaration from its Vice President, Mr. Alewel, which makes numerous general statements about investments, industry recognition, revenues, profitability, lost sales, etc., with no back up information whatsoever.

In addition to the depositions of the four inventors, other depositions Bally will need include those of Mr. Lewin and Mr. Alewel. Also, Bally will want to depose other IGT sales and marketing people with direct knowledge of the marketplace and the facts alleged by IGT. Moreover, IGT has also relied heavily on prior litigation (the *Mikohn* case) in Nevada. IGT produced most of the documents it relies on from that litigation only in the few days before it filed its motion. Bally has been working to determine the additional discovery it needs from the *Mikohn* case that it needs to prepare its opposition.

In addition to the *Mikohn* documents, Bally needs to obtain from IGT several categories of documents which have not been produced, including documents relating to: (1) licenses offered or considered relating to the patents-in-suit, (2) the development of the technology in the patents, (3) the nexus between the patented and unpatented products that IGT asserts as the basis for its damages claim, and (4) the factual assertions on alleged irreparable harm and damages set forth in IGT's motion.

Finally, Bally will need to put together its own case, including a responsive expert report or reports and declarations from its own witnesses.

IGT took several months to put together its preliminary injunction papers. Bally should get adequate time to respond. It requests until February 15, 2007 to do so.

Respectfully,

Jack B. Blumenfeld (#1014)

The Honorable Kent A. Jordan
November 15, 2006
Page 3

cc: Peter T. Dalleo, Clerk (by hand)
William J. Wade, Esquire (by hand)
David Enzminger, Esquire (by email)
Charles Verhoeven, Esquire (by email)
Edward DeFranco, Esquire (by email)