# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET

WILLIAM J. WADE
DIRECTOR

WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

DIRECT DIAL NUMBER
302-651-7718
WADE@RLF.COM

November 16, 2006

**By E-Filing**

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE 19801

        Re:    IGT v. Bally Gaming International, Inc. et al.
               C.A. No. 06-282 (KAJ)

Dear Judge Jordan:

      Plaintiff IGT writes in response to Bally's letter dated November 15, 2006. Because the Parties have been unable to reach agreement, IGT joins Bally in its request for the Court to hold a telephonic conference to schedule an appropriate timeframe for Bally's opposition to IGT's preliminary injunction motion, IGT's reply, and a hearing at the Court's pleasure. Bally's letter, however, mischaracterizes IGT's position, ignores certain key facts, and suggests an overly broad discovery plan that will unnecessarily delay expeditious resolution of the pending preliminary injunction motion.

      First, Bally's assertion that IGT has had months to prepare its preliminary injunction papers is inaccurate. During the May 12 telephonic conference with the Court, IGT made clear its intention to seek expedited discovery in order to file a preliminary injunction motion. Two weeks later, IGT propounded discovery requests. More than three months passed before Bally produced its first set of documents on September 8. Bally produced its second set of documents on September 15. IGT reviewed the 80,000 pages of discovery, compiled the evidence, and filed the preliminary injunction motion on October 31 -- six weeks after receiving what is, to date, the sum of Bally's production.

      Second, the number of claims currently asserted in this action is simply unrelated to the preliminary injunction briefing schedule. As discussed during the November 2 technical tutorial, IGT intends to and will limit the number of claims that will be ultimately tried to a jury. In fact, IGT will soon propound interrogatories and seek deposition testimony that will greatly assist it in winnowing the number of claims at issue.

The Honorable Kent A. Jordan
November 16, 2006
Page 2

The preliminary injunction motion, however, is based on only six claims from five of the nine patents-in-suit. Other than delay, there is no reason for Bally to take extended discovery on each of the ninety-five claims currently asserted in this action. Instead, Bally can limit discovery to the six claims identified in the pending motion. Bally may freely supplement its discovery on any remaining claims after the preliminary injunction motion is heard.

Third, Bally's statement that IGT produced most of the documents from the *Mikohn* litigation only a few days before IGT filed the preliminary injunction motion is simply false. The bulk of the *Mikohn* litigation documents, nearly ten thousand pages, were produced to Bally on September 1. The *Mikohn* court's claim construction and infringement orders were part of this production. Thus, the *Mikohn* documents Bally contends IGT "relied heavily on" were in Bally's possession nearly two months before the preliminary injunction motion was filed. IGT did, in fact, produce the *Mikohn* trial transcript on October 31. Snippets from the trial transcript were cited in the motion to provide background information and historical context for the claimed inventions.

Fourth, much of the discovery Bally is now seeking could have been obtained months ago. For example, the patents-in-suit name four inventors. More than five months have passed since the May expedited discovery hearing, and Bally has yet to notice, much less take, the depositions of any of the inventors. In fact during the two weeks that have passed since the preliminary injunction motion was filed, Bally has not sought any of the depositions it now claims are necessary.

Fifth, Bally cannot credibly claim that it needs additional time to review the 700-800 pages of exhibits contained in Mr. Lewin's declaration. The overwhelming majority of those exhibits are Bally's own documents, which Bally produced to IGT in September. Presumably, Bally reviewed these documents before producing them.

Finally, IGT believes that its proposed schedule - December 15 (Bally opposition due); January 12 (IGT reply due); the week of January 29 (hearing at the Court's pleasure) - is balanced, reasonable, and fair.

We are available for a teleconference regarding the foregoing at the Court's convenience.

Respectfully,

William J. Wade/ass (#4093)

William J. Wade
(#704)

RLF1-3082864-1

The Honorable Kent A. Jordan
November 16, 2006
Page 3

cc:    Peter T. Dalleo, Clerk (by hand)
       Jack Blumenfeld, Esq. (by hand)
       Edward DeFranco, Esq. (by email)
       Charles Verhoeven, Esq. (by email)
       David Enzminger, Esq. (by email)

The Honorable Kent A. Jordan

RLF1-3082864-1