IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IGT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-282 (SLR) |
| | ) | |
| BALLY GAMING INTERNATIONAL, | ) | JURY TRIAL DEMANDED |
| INC., BALLY TECHNOLOGIES, INC., | ) | |
| and BALLY GAMING, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**AMENDED SCHEDULING ORDER**

At Wilmington this 25th day of July 2007, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties have exchanged the information required by Fed. R. Civ. P. 26(a) (1) and D. Del. LR 16.2.

2. **Discovery.**

    (a) Discovery will be needed on the following subjects:

    • Infringement of the asserted claims of the patents-in-suit;

    • The validity of the asserted claims of the patents-in-suit;

    • The conception, reduction to practice, and diligence in reduction to practice of the claimed inventions of the asserted patents;

    • The enforceability of the asserted claims of the patents-in-suit;

    • Willfulness;

    • Limited discovery into the sales of the accused products sufficient to show volume of sales; and

- Additional issues that may arise through the ordinary course of discovery.

(b) All fact discovery shall be commenced in time to be completed by February 22, 2008

(c) Document production shall be substantially completed on or before September 14, 2007. The parties are required to supplement their production after this date consistent with Federal Rule of Civil Procedure 26(e).

(1) Maximum of 25 interrogatories by each party to any other party.

(2) In the absence of agreement among the parties, contention interrogatories, if served, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(3) Maximum of 50 requests for admission by each party to any other party.

(4) In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b) (6)) shall be scheduled prior to the completion of document production.

(5) Maximum of 200 hours for fact depositions, including any 30(b)(6) depositions and any third-party depositions. Except for those identified witnesses, all fact depositions noticed under Fed. R. Civ. P. 30(b)(1) shall be limited to seven hours.

(d) Expert discovery shall be commenced in time to be completed by May 16, 2008.

(1) Expert reports on issues for which the parties have the burden of proof due March 14, 2008. Rebuttal expert reports due April 14, 2008.

2

    (2) Expert depositions to be limited to a maximum of fourteen hours per expert, unless extended by agreement of the parties.

    (3) All Daubert motions shall be filed on or before June 6, 2008

  (e) **Discovery Disputes.**

    (1) The Court shall conduct an in-person discovery status conference on September 19, 2007 from 5:00 p.m. to 6:00 p.m., the time to be allocated equally among the parties. **No motions to compel or motions for protective order shall be filed absent approval of the court.**

    (2) The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

    (3) Absence express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

  (f) **Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

 3. **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and/or to amend the pleadings shall be filed on or before December 14, 2007.

4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge for the purposes of exploring ADR.

5. **Claim Construction Issue Identification.** If the court does not find that a limited earlier claim construction would be helpful in resolving the case, on January 14, 2008, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms. This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

6. **Summary Judgment Motions.** All summary judgment motions shall be served and filed with an opening brief on or before June 6, 2008. Answering briefs shall be due June 30, 2008 and reply briefs shall be due July 15, 2008. Briefing shall be pursuant to D. Del. LR 7.1.2. No summary judgment motion may be filed more than **ten (10)** days from the above date without leave of the court.

7. **Claim Construction.** Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary dictionary meaning.

The parties shall agree upon and file the Joint Claim Construction Statement on May 23, 2008, with the claim chart separately docketed. The parties will file simultaneous opening claim construction briefs on June 6, 2008. Simultaneous response briefs will be filed by June 30, 2008. Issues of claim construction shall be considered by the court in conjunction with the summary judgment motion(s). The hearing on the claim construction and motion(s) for summary judgment will be heard on August 15, 2008 at 9:30 a.m.

8.   **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. **The court will not consider applications and requests submitted by letter or in a form other than a motion**, absent express approval by the court.

(a)   **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.**

(b)   No telephone calls shall be made to chambers.

(c)   Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Chief Judge Robinson's website and e-mail the completed forms to slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said emails.

9.   **Motions in Limine.** No motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10.  **Pretrial Conference.** A pretrial conference will be held on October 23, 2008 at 4:30 p.m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

11.  **Trial.** This matter is scheduled for a jury trial commencing on November 3, 2008 in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
United States District Judge