IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IGT, a Nevada corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BALLY GAMING INTERNATIONAL, INC., a | ) | C.A. No. 06-282 (SLR) |
| Delaware corporation; BALLY | ) | |
| TECHNOLOGIES, INC., a Nevada corporation; | ) | |
| and BALLY GAMING, INC., a Nevada | ) | |
| corporation d/b/a BALLY TECHNOLOGIES, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF SUBPOENAS

PLEASE TAKE NOTICE THAT the attached subpoenas are being served on the following:

| Tab | Party | Date of Production |
|---|---|---|
| 1 | Desert Palace, Inc. | April 9, 2008 @ 10:00 a.m. |
| 2 | Lyle Bell | April 10, 2008 @ 9:00 a.m. |

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs Louden*

_____
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
klouden@mnat.com

*Attorneys for Defendants Bally Gaming International, Inc., Bally Technologies, Inc, and Bally Gaming, Inc.*

2

OF COUNSEL:

Charles K. Verhoeven
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600

Edward J. DeFranco
Alexander Rudis
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
51 Madison Avenue
New York, NY 10010
(212) 849-7000

March 10, 2008
1642958

## **CERTIFICATE OF SERVICE**

I, Karen Jacobs Louden, hereby certify that on March 10, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>William J. Wade, Esquire
>RICHARDS, LAYTON & FINGER

and that I also caused copies to be served upon the following in the manner indicated:

>BY ELECTRONIC MAIL
>and HAND DELIVERY
>
>William J. Wade, Esquire
>RICHARDS, LAYTON & FINGER
>One Rodney Square
>Wilmington, DE  19801
>
>BY ELECTRONIC MAIL
>
>David P. Enzminger, Esquire
>David Dalke, Esquire
>O'MELVENY & MYERS LLP
>610 Newport Center Drive
>Newport Beach, CA  92660

>*/s/ Karen Jacobs Louden*
>_____
>Karen Jacobs Louden (#2881)
>klouden@mnat.com

TAB 1

Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

IGT,

**SUBPOENA IN A CIVIL CASE**

V.

BALLY GAMING INTERNATIONAL, INC., BALLY TECHNOLOGIES, INC., and BALLY GAMING, INC.

Case Number:[1] 06-282-SLR

District of Delaware

TO: Desert Palace, Inc. d/b/a Caesars Palace Hotel and Casino, c/o CSC Services of Nevada, Inc., 502 East John Street, Carson City, NV 89706

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A hereto

| PLACE | DATE AND TIME |
| --- | --- |
| The offices of Hale Lane Peek Dennison and Howard, P.C., 3930 Howard Hughes Parkway, Fourth Floor, Las Vegas, Nevada 89169 | April 9, 2008 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| [signature] Attorney for Defendants | March 10, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Tulloss Delk, Quinn Emanuel Urquhart Oliver & Hedges, LLP, 51 Madison Avenue, 22nd Floor, New York, NY (212) 849-7000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

## PROOF OF SERVICE

|  DATE  |  PLACE  |
|---|---|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                      DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, defendants Bally Gaming International, Inc., Bally Technologies, Inc., and Bally Gaming, Inc. request the following documents and things for inspection and copying at Hale Lane Peek Dennison and Howard, 3930 Howard Hughes Parkway, Fourth Floor, Las Vegas, NV 89109, at 10:00 a.m. on April 9, 2008.

## DEFINITIONS

1. The terms "CAESARS," "YOU" and "YOUR" shall refer to Desert Palace, Inc. d/b/a Caesars Palace Hotel and Casino, and any divisions, subsidiaries, properties, or associated organizations operating under the Caesars brand name, including without limitation Caesars Entertainment, Inc., Caesars Palace Las Vegas, and Caesars Atlantic City.

2. The term "CAESARS' CASHLESS SYSTEM" shall refer to any cashless gaming system installed and operating at Caesar's Palace Hotel and Casino in Las Vegas, Nevada from January 1, 1990 through December 31, 1995.

3. The terms "DOCUMENT" and "DOCUMENTS" shall have the same meaning herein as used in Rule 34(a) of the Federal Rules of Civil Procedure, and shall include all written, graphic or otherwise recorded material, including without limitation, microfilms or other film records or impressions, tape recordings or computer cards, floppy disks or printouts, any and all papers, photographs, films, recordings, memoranda, books, records, accounts, communications, letters, telegrams, correspondence, notes of meetings, notes of conversations, notes of telephone calls, inter-office memoranda or written communications of any nature, recordings of conversations either in writings or upon any mechanical or electrical recording devices, including e-mail, notes, papers, reports, analyses, invoices, canceled checks or check stubs, receipts, minutes of meetings, time sheets, diaries, desk calendars, ledgers, schedules,

licenses, financial statements, telephone bills, logs, and any differing versions of any of the foregoing, whether so denominated, formal, informal or otherwise, as well as copies of the foregoing which differ in any way, including by the addition of handwritten notations or other written or printed matter of any nature, from the original. The foregoing specifically includes information stored in a computer database and capable of being generated in documentary form, such as electronic mail.

    4.    The term "THINGS" shall mean any tangible objects other than documents.

    5.    The term "REGARDING" shall mean relating to, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, identifying, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, containing or constituting (in whole or in part), as the context makes appropriate.

    6.    The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

    7.    The singular form of any word shall be deemed to include the plural. The plural form of any word shall be deemed to include the singular.

## INSTRUCTIONS

    1.    Each DOCUMENT is to be produced along with all non-identical drafts thereof in its entirety, without abbreviation or redaction.

    2.    All DOCUMENTS shall be produced in the order that they are kept in the usual course of business, and shall be produced in their original folders, binders, covers or containers, or photocopies thereof.

    3.    The source(s) or derivation of each DOCUMENT produced shall be specifically identified.

4.     In the event that any DOCUMENT called for by these requests or subsequent requests is to be withheld on the basis of a claim of privilege or immunity from discovery, that DOCUMENT is to be identified by stating (i) the author(s), addressee(s) and any indicated or blind copyee(s); (ii) the DOCUMENT's date, number of pages and attachments or appendices; (iii) the subject matter(s) of the DOCUMENT; (iv) the nature of the privilege or immunity asserted; and (v) any additional facts on which you would base your claim of privilege or immunity.

5.     In the event that any DOCUMENT called for by these requests or subsequent requests has been destroyed or discarded, that DOCUMENT is to be identified by stating: (i) the author(s), addressee(s) and any indicated or blind copyee(s); (ii) the DOCUMENT's date, number of pages and attachments or appendices; (iii) the DOCUMENT's subject matter; (iv) the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; (v) the persons who were authorized to carry out such destruction or discard; and (vi) whether any copies of the DOCUMENT presently exist and, if so, the name of the custodian of each copy.

6.     These Requests shall be deemed continuing so as to require further and supplemental production in accordance with the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION

**DOCUMENT REQUEST NO. 1:**

All DOCUMENTS AND THINGS REGARDING the structure and operation of the CAESARS' CASHLESS SYSTEM prior to December 31, 1995.

**DOCUMENT REQUEST NO. 2:**

All DOCUMENTS AND THINGS REGARDING the design and development of the CAESARS' CASHLESS SYSTEM prior to December 31, 1995.

**DOCUMENT REQUEST NO. 3:**

All DOCUMENTS AND THINGS REGARDING the public display and/or operation of the CAESARS' CASHLESS SYSTEM at any gaming show prior to December 31, 1995.

TAB 2

# Issued by the
# UNITED STATES DISTRICT COURT

SOUTHERN        DISTRICT OF      FLORIDA

IGT,

                 Plaintiff,

V.

Bally Gaming International, Inc., Bally Technologies, Inc., and Bally Gaming, Inc.,

                Defendants.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: 06-282-SLR (D. Del.)

TO: Lyle Bell, 1 Seminole Way, Hollywood, Florida 33314

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURT ROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Broad and Cassel, 100 S.E. 3rd Ave., Suite 2700, Fort Lauderdale, FL 33394 | April 10, 2008, 9:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A, attached hereto

| PLACE | DATE AND TIME |
|---|---|
| Broad and Cassel, 100 S.E. 3rd Ave., Suite 2700, Fort Lauderdale, FL 33394 | April 3, 2008, 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

        Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | March 10, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
R. Tulloss Delk, Quinn Emanuel Urquhart Oliver & Hedges, LLP, 51 Madison Ave., 22nd Flr., New York, NY 10010, (212) 849-7000, Attorneys for Defendants.

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

This form was electronically produced by Elite Federal Forms, Inc.

2001 © American LegalNet, Inc.

## PROOF OF SERVICE

|  DATE | PLACE |
|---|---|
| SERVED | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                         DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) if a subpoena

(i) requires disclosure of a trade secret or other confidential research. development. or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, The court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

2001 © American LegalNet, Inc.

## ATTACHMENT A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, defendants Bally Gaming International, Inc., Bally Technologies, Inc., and Bally Gaming, Inc. request the following documents and things for inspection and copying at Broad and Cassel, 100 S.E. 3rd Avenue, Suite 2700, Fort Lauderdale, Florida 33394, at 10:00 a.m. on April 3, 2008.

## DEFINITIONS

1. The term "CAESARS' CASHLESS SYSTEM" shall refer to any cashless gaming system installed and operating at Caesar's Palace Hotel and Casino in Las Vegas, Nevada from January 1, 1990 through December 31, 1995.

2. The terms "DOCUMENT" and "DOCUMENTS" shall have the same meaning herein as used in Rule 34(a) of the Federal Rules of Civil Procedure, and shall include all written, graphic or otherwise recorded material, including without limitation, microfilms or other film records or impressions, tape recordings or computer cards, floppy disks or printouts, any and all papers, photographs, films, recordings, memoranda, books, records, accounts, communications, letters, telegrams, correspondence, notes of meetings, notes of conversations, notes of telephone calls, inter-office memoranda or written communications of any nature, recordings of conversations either in writings or upon any mechanical or electrical recording devices, including e-mail, notes, papers, reports, analyses, invoices, canceled checks or check stubs, receipts, minutes of meetings, time sheets, diaries, desk calendars, ledgers, schedules, licenses, financial statements, telephone bills, logs, and any differing versions of any of the foregoing, whether so denominated, formal, informal or otherwise, as well as copies of the foregoing which differ in any way, including by the addition of handwritten notations or other written or printed matter of any nature, from the original. The foregoing specifically includes

information stored in a computer database and capable of being generated in documentary form, such as electronic mail.

3. The term "THINGS" shall mean any tangible objects other than documents.

4. The term "REGARDING" shall mean relating to, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, identifying, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, containing or constituting (in whole or in part), as the context makes appropriate.

5. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

6. The singular form of any word shall be deemed to include the plural. The plural form of any word shall be deemed to include the singular.

## INSTRUCTIONS

1. Each DOCUMENT is to be produced along with all non-identical drafts thereof in its entirety, without abbreviation or redaction.

2. All DOCUMENTS shall be produced in the order that they are kept in the usual course of business, and shall be produced in their original folders, binders, covers or containers, or photocopies thereof.

3. The source(s) or derivation of each DOCUMENT produced shall be specifically identified.

4. In the event that any DOCUMENT called for by these requests or subsequent requests is to be withheld on the basis of a claim of privilege or immunity from discovery, that DOCUMENT is to be identified by stating (i) the author(s), addressee(s) and any indicated or blind copyee(s); (ii) the DOCUMENT's date, number of pages and attachments or appendices;

(iii) the subject matter(s) of the DOCUMENT; (iv) the nature of the privilege or immunity asserted; and (v) any additional facts on which you would base your claim of privilege or immunity.

5.  In the event that any DOCUMENT called for by these requests or subsequent requests has been destroyed or discarded, that DOCUMENT is to be identified by stating: (i) the author(s), addressee(s) and any indicated or blind copyee(s); (ii) the DOCUMENT's date, number of pages and attachments or appendices; (iii) the DOCUMENT's subject matter; (iv) the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; (v) the persons who were authorized to carry out such destruction or discard; and (vi) whether any copies of the DOCUMENT presently exist and, if so, the name of the custodian of each copy.

6.  These Requests shall be deemed continuing so as to require further and supplemental production in accordance with the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION

**DOCUMENT REQUEST NO. 1:**

All DOCUMENTS AND THINGS REGARDING the structure and operation of the CAESARS' CASHLESS SYSTEM prior to December 31, 1995.

**DOCUMENT REQUEST NO. 2:**

All DOCUMENTS AND THINGS REGARDING the design and development of the CAESARS' CASHLESS SYSTEM prior to December 31, 1995.

**DOCUMENT REQUEST NO. 3:**

All DOCUMENTS AND THINGS REGARDING the public display and/or operation of the CAESARS' CASHLESS SYSTEM at any gaming show prior to December 31, 1995.