**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IGT, a Nevada corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>BALLY GAMING INTERNATIONAL, INC., a Delaware corporation; BALLY TECHNOLOGIES, INC., a Nevada corporation; and BALLY GAMING, INC., a Nevada corporation d/b/a BALLY TECHNOLOGIES<br><br>        Defendants. | C.A. No. 06-282 (SLR) |

**JOINT CLAIM CONSTRUCTION STATEMENT**

      Per the Court's scheduling order, the parties submit the following joint claim chart outlining the terms for which there is a claim construction dispute. At issue are seventeen terms from U.S. Patent No. RE37,885 and U.S. Patent No. RE38,812, and four terms from U.S. Patent No. 6,431,983. For convenience, those terms, as well as the parties' proposed constructions, appear below.

A. **Proposed Claim Constructions for RE37,885 (Claims 1, 10, 22, 33, 46) and RE38,812 (Claims 21, 44):**

| Term | IGT's Proposed Construction | Bally's Proposed Construction |
|---|---|---|
| "gaming device" | Any equipment or mechanical, electromechanical or electronic contrivance, component or machine used remotely or directly in connection with gaming. | Any equipment or mechanical, electromechanical or electronic contrivance, component or machine used remotely or directly in connection with gaming that accepts wagers and automatically pays winning amounts. |
| "responsive to a user-effected action at the input device which identifies the preselected gaming devices" | The computer identifies the preselected gaming devices with the associated address codes in response to a user-effected action at the input device. | The gaming devices that participate are those selected by the user at the input device. |
| "bonus" | A reward or payment in addition to any payout specified by the normal gaming device pay table. A bonus may be awarded to a player whether the outcome on the gaming device is a win, loss, or no outcome at all. | An additional payment amount appended to the standard jackpot payouts. |
| "bonus play period" | IGT believes this term has no special meaning in the patent or the gaming industry, and should be interpreted according to its plain English meaning, which is "the period during which the bonus promotion is active." | The specified portion of time during which the bonus promotion is active. |
| "command" | An instruction communicated to or by a computer. | A command means a reconfiguration command.

A reconfiguration command is a command that rearranges the previous configuration of the gaming device so that the gaming device pays out extra money it would not have paid in its previous configuration. |
| "pay command" | An instruction related to payment communicated to or by a computer. | A command that causes the automatic payment via a gaming device of a bonus payment. |

2

| | | |
|---|---|---|
| "predetermined event" | The occurrence of one or more conditions chosen in advance. | A bonusing event that is determined, decided or established in advance of its occurrence. |
| "to one of / at said one gaming device / via one of" | The required step (e.g., issuing a command or paying) must occur "to," "at" or "via" a gaming device.  These phrases neither require nor preclude participation by additional gaming devices. | To/at/via one and only one of the gaming devices that is "preselected." |
| "paying a bonus at each of said preselected gaming devices in accordance with the command" | Making a bonus available at each of the preselected gaming devices in accordance with the command | Paying a bonus at each of the preselected gaming devices automatically upon receipt of the command. |
| "paying at said one gaming device in accordance with the command" | Making a payment available at the gaming device in accordance with the command. | Paying at one of the preselected gaming devices automatically upon receipt of the command. |
| "paying a bonus via each of said preselected gaming devices in accordance with the command" | Making a bonus available to be obtained via each of the gaming devices in accordance with the command. | Paying a bonus via each of the preselected gaming devices automatically upon receipt of the command. |
| "paying via at least said one gaming device during the bonus play period in accordance with the message" | Making a payment available to be obtained via at least said one gaming device during the bonus play period in accordance with the message. | Paying via at least said one gaming device during the bonus play period automatically upon receipt of the message. |
| "paying via at least said one gaming device in accordance with the command" | Making a payment available to be obtained via at least said one gaming device in accordance with the command. | Paying via at least said one gaming device automatically upon receipt of the command. |
| "transmitting a pay command from the controller to the gaming device upon the occurrence of the predetermined event" | IGT believes this term has no special meaning in the patent or the gaming industry, and should be interpreted according to its plain English meaning. | Transmitting a pay command from the controller to the gaming device automatically upon the occurrence of the predetermined event. |
| "paying the bonus via the gaming device responsive to receipt of the pay command" | Making the bonus available to be obtained via the gaming device in response to receipt by the gaming device of the instruction related to payment. | Paying the bonus via the gaming device automatically upon receipt of the pay command. |

Bally contends the claim terms from the RE885 patent set forth below are indefinite and as such render their associated claims indefinite. Bally intends to provide briefing on the indefiniteness of the following terms in connection with its briefing on claim constructions. For the purpose of this exchange with opposing counsel as required by the scheduling order, Bally also proposes the following alternative constructions:

| Term | IGT's Proposed Construction | Bally's Proposed Construction |
| --- | --- | --- |
| "initiating a bonus play period" | IGT believes this term has no special meaning in the patent or the gaming industry, and should be interpreted according to its plain English meaning, which is "commencing a period during which a bonus promotion is active." | Enabling the preselected gaming devices to enter into a bonus play period. |
| "predefined event" | An occurrence based on a criterion or criteria defined in advance. | A bonusing event that is defined and determined in advance of its occurrence. |

**B. Proposed Claim Constructions for 6,431,983 (Claim 1):**

| Term | IGT's Proposed Construction | Bally's Proposed Construction |
| --- | --- | --- |
| "gaming device" | Any equipment or mechanical, electromechanical or electronic contrivance, component or machine used remotely or directly in connection with gaming. | Any equipment or mechanical, electromechanical or electronic contrivance, component or machine used remotely or directly in connection with gaming that accepts wagers and automatically pays winning amounts. |
| "promotional credit | Credit provided to encourage wagering. | Credits that are not redeemable for cash. |
| "permitting the player to access the account" | Permitting the player to access the account over the network. | Permitting the player to access the account over the network from the gaming device. |
| "transferring promotional credit in the account to the gaming device" | Transferring the promotional credit over the network from the player account to the gaming device. | Transferring the promotional credit onto a credit meter on the gaming device. |

4

Dated: May 28, 2008

Respectfully submitted,

| RICHARDS, LAYTON & FINGER, P.A. | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|---|---|
| */s/ Anne Shea Gaza* | */s/ Karen Jacobs Louden* |
| William J. Wade (#704)<br>Anne Shea Gaza (#4093)<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, Delaware 19899<br> (302) 658-6541<br>wade@rlf.com<br>gaza@rlf.com | Jack Blumenfeld (#1014)<br>Karen Jacobs Louden (#2881)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br> (302) 658-9200<br>jblumenfeld@mnat.com<br>klouden@mnat.com |
| OF COUNSEL: | OF COUNSEL: |
| David P. Enzminger<br>Brett J. Williamson<br>Jim P. Jenal<br>David P. Dalke<br>O'MELVENY & MYERS LLP<br>610 Newport Center Drive, 17th Floor<br>Newport Beach, CA 92660-6429<br> (949) 760-9600 | Charles K. Verhoeven<br>Quinn Emanuel Urquhart<br>  Oliver & Hedges, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br> (415) 875-6600<br><br>Edward DeFranco<br>Alexander Rudis<br>Quinn Emanuel Urquhart<br>  Oliver & Hedges, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010 |
| *Attorneys for Plaintiff IGT* | *Attorneys for Defendants Bally Gaming International, Inc., Bally Technologies, Inc., and Bally Gaming, Inc.* |