## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IGT, a Nevada corporation, | |
| Plaintiff, | |
| v. | C.A. No. 06-282 (SLR) |
| BALLY GAMING INTERNATIONAL, INC., BALLY TECHNOLOGIES, INC., and BALLY GAMING, INC., | |
| Defendants. | |

## PLAINTIFF IGT'S REPLY TO BALLY'S COUNTERCLAIMS AS SET FORTH IN BALLY'S AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Plaintiff IGT replies as follows to the Counterclaims by Defendants Bally Gaming International, Inc., Bally Technologies, Inc., and Bally Gaming, Inc. (collectively "Defendants") as set forth in Bally's Amended Answer, Affirmative Defenses, and Counterclaims filed on July 17, 2008.

### Nature of the Action

1.      IGT admits that the Counterclaims purport to allege violations of 15 U.S.C. § 2, the Lanham Act, and intentional interference with business advantage. IGT further admits that Defendants seek declaratory judgments of noninfringement, invalidity and/or unenforceability of IGT's asserted patents, and actual and enhanced damages. IGT denies that Defendants' allegations have any merit.

### Parties

2.      IGT admits that Bally Technologies, Inc. is a corporation organized and existing under the laws of the State of Nevada. IGT is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2, and on that basis denies the same.

3.      IGT admits that Bally Gaming International, Inc. is a corporation organized and existing under the laws of the State of Delaware. IGT is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations of paragraph 3 and on that basis denies the same.

4.      IGT admits that Bally Gaming, Inc. is a corporation organized and existing under the laws of Nevada.  IGT is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 4 and on that basis denies the same.

5.      IGT admits that Counter-Plaintiffs Bally Technologies, Inc., Bally Gaming International, Inc., and Bally Gaming, Inc. are collectively referred to as "Bally" in Defendants' Counterclaims.

6.      IGT admits the allegations of paragraph 6 of the Counterclaims.

### Jurisdiction and Venue

7.      IGT admits that the Court has subject matter jurisdiction as described in paragraph 7, but denies that Defendants' allegations have any merit.

8.      IGT admits the allegations of paragraph 8.

9.      IGT admits that venue is proper in this district.  IGT denies that this action properly belongs in the District of Nevada.  IGT denies that Case No. CV-S-04-1676-RCJ-RJJ is "related" to this action.  IGT admits that Defendants filed a motion to transfer venue to the District of Nevada on June 1, 2006.

### General Allegations

10.     IGT is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and on that basis denies the same.

11.     IGT denies that the "gaming systems market" as defined by Defendants is a relevant market for antitrust purposes.  IGT is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11 and on that basis denies the same.

12.     IGT denies the allegations contained in paragraph 12.

13.     IGT denies that the "gaming systems market" as defined by Defendants is a relevant market for antitrust purposes.  IGT denies that it has engaged in excessively aggressive litigation.

IGT is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13 and on that basis denies the same.

14.    IGT denies that the "gaming systems market" as defined by Defendants is a relevant market for antitrust purposes. IGT denies that it has engaged in anticompetitive conduct. IGT is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 14 and on that basis denies the same.

15.    IGT denies the allegations contained in paragraph 15.

16.    IGT admits that paragraph 16 quotes from a June 30, 2003 press release. IGT admits that its acquisition of Acres Gaming was completed on October 27, 2003. IGT admits that, through its acquisition of Acres Gaming, IGT obtained control over Acres Gaming's patent portfolio. IGT is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 16 and on that basis denies the same.

17.    IGT admits that it has entered into agreements with Walker Digital, LLC to facilitate the development and introduction of certain Walker Digital casino innovations into the IGT product line. IGT denies that these agreements were entered into on April 10, 2006. IGT admits that paragraph 17 quotes from an April 10, 2006 press release. IGT admits that it issued a press release on April 10, 2006, a copy of which appears to be attached as Exhibit 1 to Defendants' Counterclaims. IGT is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 17 and on that basis denies the same.

18.    IGT denies the allegations contained in paragraph 18.

19.    IGT admits that, including this lawsuit, it has filed three patent infringement actions against Defendants since 2001.

20.    IGT denies the allegations contained in paragraph 20.

21.    IGT denies the allegations contained in paragraph 21.

22.    IGT admits that IGT's Amended Complaint asserted that Defendants infringe nine patents. IGT admits that the nine patents-in-suit as the case was originally filed contained a total of

292 claims. As a result of stipulations between the parties, IGT is asserting three patents, consisting of eight claims.

23.     IGT admits that it asserts that, at a minimum, BALLY POWER BONUSING technology infringes at least the three asserted patents remaining at issue in this case. IGT denies the remaining allegations of paragraph 23.

24.     IGT admits that IGT asserts that several of Defendants' products infringe multiple claims of the three asserted patents resulting in at least eight separate instances of patent infringement. IGT denies the remaining allegations of paragraph 24.

25.     IGT admits that IGT acquired Acres Gaming on October 27, 2003. IGT admits that the earliest of the three asserted patents issued on June 12, 2001. IGT denies the remaining allegations of paragraph 25.

26.     IGT admits that on January 4, 2006, Defendants announced that Borgata Hotel Casino and Spa had "gone live with Bally Power Winners (TM), one of the signature products from the Bally Power Bonusing (TM) technology suite, and has placed an order to install iVIEW interactive touch-screen displays on more than 4,000 of its slot machines." IGT admits that paragraph 26 appears to quote from Defendants' January 4, 2006 press release. IGT is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 26, and on that basis denies the same.

27.     IGT admits that on April 11, 2006, Defendants announced that Defendants signed the described contract with Boyd Gaming.

28.     IGT admits that IGT filed this lawsuit on April 28, 2006. IGT also admits that it did not contact Defendants before filing suit regarding Defendants' infringement of the asserted patents. IGT is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28 and on that basis denies the same.

29.     IGT admits that the Bally Power Bonusing suite of products is accused of infringing the asserted patents. IGT denies the remaining allegations of paragraph 29.

30.     IGT admits that it issued a press release shortly after IGT filed this lawsuit against Defendants. IGT admits that paragraph 30 appears to quote from an IGT press release, a copy of which appears to be attached to Defendants' Counterclaims as Exhibit 2. IGT denies the remaining allegations of paragraph 30.

31.     IGT admits that it issued a press release after filing a lawsuit against Defendants in the District of Nevada. IGT admits that paragraph 31 appears to quote from an IGT press release, a copy of which appears to be attached to Defendants' Counterclaims as Exhibit 3.

32.     IGT denies the allegations of paragraph 32.

33.     IGT admits that it sent a letter to the general manager of Lincoln Park on June 13, 2006 stating in part that IGT believed "the installation and use of Bally's iView device on a VLT for player tracking purposes is an infringement of IGT's patents," a copy of which appears to be attached to Defendants' Counterclaims as Exhibit 4. IGT denies the remaining allegations of paragraph 33.

34.     IGT denies the allegations of paragraph 34.

35.     IGT denies the allegations of paragraph 35.

36.     IGT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 and on that basis denies the same.

37.     IGT admits that it has previously given Bally access to its gaming machines for testing compatibility. IGT denies any other allegations in paragraph 37.

38.     IGT denies that it has recently denied Bally access to its gaming machines.

39.     IGT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39.

## COUNT I
(Declaratory Judgment of Noninfringement, Invalidity and
Unenforceability of the '812 Patent)

40.     In answer to paragraph 40, IGT admits, denies, and alleges as indicated in paragraphs 1-39.

41.    IGT admits the allegations of paragraph 41.

42.    IGT admits the allegations of paragraph 42.

43.    IGT admits that, through Count I, Defendants request declaratory relief that the '812 patent is not infringed.  IGT denies however, that the '812 patent is not infringed.

44.    IGT admits that, through Count I, Defendants request declaratory relief that the '812 patent is invalid.  IGT denies, however, that the '812 patent is invalid for any reason.

45.    IGT admits that, through Count I, Defendants request declaratory relief that the '812 patent is unenforceable due to estoppel and laches.  IGT denies, however, that the '812 patent is unenforceable for any reason.

46.    IGT denies the allegations contained in paragraph 46.

## COUNT II
(Declaratory Judgment of Noninfringement, Invalidity and
Unenforceability of the '885 Patent)

47.    In answer to paragraph 47, IGT admits, denies, and alleges as indicated in paragraphs 1-46.

48.    IGT admits the allegations of paragraph 48.

49.    IGT admits the allegations of paragraph 49.

50.    IGT admits that, through Count II, Defendants request declaratory relief that the '885 patent is not infringed.  IGT denies however, that the '885 patent is not infringed.

51.    IGT admits that, through Count II, Defendants request declaratory relief that the '885 patent is invalid.  IGT denies, however, that the '885 patent is invalid for any reason.

52.    IGT admits that, through Count II, Defendants request declaratory relief that the '885 patent is unenforceable due to estoppel and laches.  IGT denies, however, that the '885 patent is unenforceable for any reason.

53.    IGT denies the allegations contained in paragraph 53.

RLF1-3307828-1

## COUNT III

(Declaratory Judgment of Noninfringement, Invalidity and
Unenforceability of the '983 Patent)

54.    In answer to paragraph 54, IGT admits, denies, and alleges as indicated in

paragraphs 1-53.

55.    IGT admits the allegations of paragraph 55.

56.    IGT admits the allegations of paragraph 56.

57.    IGT admits that, through Count III, Defendants request declaratory relief that the

'983 patent is not infringed.  IGT denies however, that the '983 patent is not infringed.

58.    IGT admits that, through Count III, Defendants request declaratory relief that the

'983 patent is invalid.  IGT denies, however, that the '983 patent is invalid for any reason.

59.    IGT admits that, through Count III, Defendants request declaratory relief that the

'983 patent is unenforceable due to estoppel and laches.  IGT denies, however, that the '983 patent

is unenforceable for any reason.

60.    IGT denies the allegations contained in paragraph 60.

## COUNTS IV THROUGH VI

(Counts IV through VI are subject to IGT's Motion to Dismiss Defendants' Counterclaims

X, XI and XII, dated July 24, 2006 (D.I. 53), the resolution of which was stayed pending the

outcome of the patent liability trial (*See* Transcript from the June 21, 2007 hearing at page 4)(D.I.

122))

## PRAYER FOR RELIEF

IGT further denies that Defendants are entitled to the relief sought by their prayer for relief,

set forth in paragraphs A-J on pages 22-23 of the Counterclaims.

## AFFIRMATIVE DEFENSES

Without acknowledging that IGT bears the burden of proof or burden of persuasion with

respect thereto, IGT asserts the following affirmative defenses to Defendants' Counterclaims:

7

## FIRST AFFIRMATIVE DEFENSE

(Laches)

Defendants' Counterclaims are barred, in whole or in part, by the equitable doctrine of laches.

## SECOND AFFIRMATIVE DEFENSE

(Waiver/Estoppel/Release)

Defendants' Counterclaims are barred, in whole or in part, by the doctrines of waiver and estoppel. Defendants' Counterclaims are also barred, in whole or in part, by a settlement agreement between IGT and Bally (formerly known as Alliance Gaming Corp.) releasing IGT of any antitrust claims known by Bally as of March 31, 2004.

## THIRD AFFIRMATIVE DEFENSE

(Uncertainty)

Defendants' Counterclaims are barred, in whole or in part, because the alleged Counterclaims are uncertain, ambiguous, and/or unintelligible.

## FOURTH AFFIRMATIVE DEFENSE

(No Injury)

Defendants' Counterclaims are barred, in whole or in part, because Defendants have not suffered any legally cognizable injury, including but not limited to, (a) injury in fact and/or (b) any injury proximately caused by the alleged conduct of IGT.

## FIFTH AFFIRMATIVE DEFENSE

(No Damages)

Defendants' Counterclaims are barred, in whole or in part, because Defendants have not suffered any cognizable damages.

## SIXTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

Defendants' Counterclaims are barred, in whole or in part, by Defendants' failure to mitigate their alleged damages.

RLF1-3307828-1

## SEVENTH AFFIRMATIVE DEFENSE

(Justification)

Defendants' Counterclaims are barred, in whole or in part, because IGT's conduct has been reasonable, based upon independent, legitimate business and economic justifications, without any purpose or intent to injure competition.

## EIGHTH AFFIRMATIVE DEFENSE

(Privilege - Own Economic Interests)

IGT's actions were taken in pursuit of its own economic interests, not by wrongful means.

## NINTH AFFIRMATIVE DEFENSE

(Good Faith Pursuit of Legitimate Business Objective)

Defendants are barred from recovery because IGT's actions were and are undertaken in good faith, with the absence of malicious intent, and constituted and constitute lawful, proper and justified means to accomplish legitimate business objectives.

## TENTH AFFIRMATIVE DEFENSE

(No Claim Based on Conduct Specifically Permitted by Law)

Defendants' claims are barred, in whole or in part, to the extent they are based on alleged acts, conduct, or statements that are specifically permitted by law.

## ELEVENTH AFFIRMATIVE DEFENSE

(No Liability for Pro-Competitive Conduct)

Defendants' claims are barred because they are not based on exclusionary conduct but rather based on conduct that has the purpose or effect of promoting, encouraging, or increasing competition.

## TWELFTH AFFIRMATIVE DEFENSE

(Unclean Hands)

Defendants' claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

9

RLF1-3307828-1

## THIRTEENTH AFFIRMATIVE DEFENSE

(Offset)

Defendants' claims are barred, in whole or in part, to the extent that any claimed injury or damage has already been offset by benefits received with respect to the challenged conduct.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Unconstitutional Multiple Liability)

To the extent Defendants' claims would result in IGT paying damages to more than one claimant for the same alleged conduct, they are barred because such multiple recoveries would violate rights guaranteed to IGT by the United States Constitution, including, without limitation, rights guaranteed under the Due Process Clause of the Fourteenth Amendment.

Wherefore, IGT prays that this Court enter an Order:

1.    That Defendants take nothing by this action;

2.    That Defendants' Counterclaims, and all claims for relief against IGT in the Counterclaims, be dismissed with prejudice;

3.    That IGT be awarded its costs of suit and attorneys' fees;

4.    For such other relief as that Court deems just and proper.


_William J. Wade (#704)_
wade@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
    *Attorneys for Plaintiff IGT*

*OF COUNSEL:*
David P. Enzminger
Brett J. Williamson
David P. Dalke
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, California 92660-6429
(949) 760-9600

Dated: July 31, 2008

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2008, I caused to be served by electronic mail and hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

> Jack B. Blumenfeld, Esquire
> Karen Jacobs Louden, Esquire
> Morris, Nichols, Arsht & Tunnell
> 1201 N. Market Street
> Wilmington, DE  19899
> jblumenfeld@mnat.com
> klouden@mnat.com

I hereby certify that on July 31, 2008, I caused to be sent by electronic mail the foregoing document to the following non-registered participants:

Charles K. Verhoeven
Quinn Emanuel Urquhart
  Oliver & Hedges, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
charlesverhoeven@quinnemanuel.com

Edward J. DeFranco
Quinn Emanuel Urquhart
  Oliver & Hedges, LLP
51 Madison Avenue
New York, NY 10010-1601
eddefranco@quinnemanuel.com

_Anne Shea Gaza_

Anne Shea Gaza (#4093)
Gaza@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
(302) 651-7700