IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IGT | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-282 (SLR) |
| | ) | |
| BALLY GAMING INTERNATIONAL, INC., | ) | **REDACTED –** |
| BALLY TECHNOLOGIES, INC., and BALLY | ) | **PUBLIC VERSION** |
| GAMING, INC., d/b/a BALLY | ) | |
| TECHNOLOGIES, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## BALLY'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO STRIKE THE DECLARATION OF RICHARD J. SCHNEIDER OFFERED IN SUPPORT OF IGT'S MOTION FOR A PERMANENT INJUNCTION

OF COUNSEL:
Charles K. Verhoeven
QUINN EMANUEL URQUHART
  OLIVER & HEDGES, LLP
50 California Street
San Francisco, CA  94111
(415) 875-6600

Edward J. DeFranco
Alexander Rudis
QUINN EMANUEL URQUHART
  OLIVER & HEDGES, LLP
51 Madison Avenue
New York, NY  10010
(212) 849-7000

JP Cody
Assistant General Counsel
  Intellectual Property
BALLY TECHNOLOGIES, INC.
6601 S. Bermuda Road
Las Vegas, NV 89119
(702) 584-7356

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
Jeremy A. Tigan (#5239)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
klouden@mnat.com
jtigan@mnat.com
    *Attorneys for Defendants*
    *Bally Gaming International, Inc., Bally*
    *Technologies, Inc., and Bally Gaming, Inc.*

Originally Filed:  September 29, 2009
Redacted Version Filed:  October 6, 2009

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

NATURE AND STAGE OF THE PROCEEDINGS .................................................... 1

SUMMARY OF THE ARGUMENT ............................................................................ 1

STATEMENT OF FACTS ............................................................................................ 2

ARGUMENT .................................................................................................................. 6

    A.    The Schneider Declaration Should be Stricken Because it is
Based on Hearsay Rather Than Personal Knowledge ................................. 6

    B.    The Schneider Declaration Is Rife With Impermissible
Speculation And Unfounded Conclusions ................................................. 7

CONCLUSION ............................................................................................................... 9

TABLE OF AUTHORITIES

Page(s)

**CASES**

*Adv. Cardiovascular Sys., Inc. v. Medtronic Vascular, Inc.*,
   579 F. Supp. 2d 554 (D. Del. 2008)...................................................................................8

*Creo Prods., Inc. v. Presstek, Inc.*,
   166 F. Supp. 2d 944 (D. Del. 2001)...................................................................................6

*IMX, Inc. v. Lendingtree, LLC*,
   469 F. Supp. 2d 203 (D. Del. 2006)...................................................................................8

*McLaughlin v. Diamond State Port Corp.*,
   No. 03-617-GMS, 2004 U.S. Dist. LEXIS 26351 (D. Del. Dec. 30, 2004) .............................6

*Praxair, Inc. v. ATMI, Inc.*,
   479 F. Supp. 2d 440 (D. Del. 2007)...................................................................................9

*Visser v. Packer Eng'g Assoc.*,
   924 F.2d 655 (7th Cir. 1991) ...........................................................................................7

**RULES AND STATUTES**

Fed. R. Evid. 602 ...............................................................................................................7

Fed. R. Evid. 701 ...............................................................................................................7

Fed. R. Evid. 802 ...............................................................................................................6

## NATURE AND STAGE OF THE PROCEEDINGS

IGT filed this patent infringement action against Bally Gaming International, Inc.,

Bally Technologies, Inc., and Bally Gaming, Inc. (collectively "Bally") on April 28, 2006.

D.I. 1.  The parties filed cross-motions for summary judgment, D.I. 178, 180, 182, 191, and 193,

which this Court granted in part and denied in part on April 28, 2009.  D.I. 282.  On June 15,

2009, IGT filed a Motion for a Permanent Injunction, together with the supporting Declaration of

Richard J. Schneider (the "Schneider Declaration" or "Schneider Decl.," Ex. A hereto) relating

to its allegations of irreparable harm in the marketplace.  D.I. 296, 298.  Bally has filed a motion

to strike the Schneider Declaration because its core allegations are based on inadmissible hearsay

and unfounded speculation.  This is Bally's opening brief in support of its motion.

## SUMMARY OF THE ARGUMENT

IGT relies on the Schneider Declaration for a host of unsupported factual

allegations,                                   REDACTED

                                   REDACTED

The Schneider declaration consists of classic hearsay because it relies on out-of-court statements of unidentified individuals for the truth of the matter asserted.   REDACTED

REDACTED

No permanent injunction should be built on such inadmissible and speculative statements, yet this is the only "evidence" on which IGT relies for its assertions of irreparable harm.  The Schneider declaration should be stricken in its entirety.

## STATEMENT OF FACTS

Mr. Schneider states that he is currently the Executive Vice President of Product Strategy for IGT.  (Schneider Decl. ¶ 2.)  Although he asserts that he has "personal knowledge of the facts stated herein" (*id.* at ¶ 1), it is clear from the statements that follow that he does not.

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

---
[1]   Emphasis is added in the quoted material unless otherwise noted.

REDACTED

REDACTED

## ARGUMENT

**A.      The Schneider Declaration Should be Stricken Because it is Based on Hearsay Rather Than Personal Knowledge**

It is well-established that an out-of-court statement, offered for the truth of the matter asserted and not subject to a recognized exception, is inadmissible as evidence. Fed. R. Evid. 802. *See also Creo Prods., Inc. v. Presstek, Inc.*, 166 F. Supp. 2d 944, 952-953 (D. Del. 2001) (testimony based on conversations with unidentified "people" and documents not in the record ruled inadmissible as "classic hearsay"); *McLaughlin v. Diamond State Port Corp.*, No. 03-617-GMS, 2004 U.S. Dist. LEXIS 26351, at *24-26 (D. Del. Dec. 30, 2004) (plaintiff's statements concerning what co-workers told her held inadmissible under Rule 802); *Transportes Aeros Pegaso vs. Bell Helicopter Textron, Inc.*, 623 F. Supp. 2d 518, 531-33 (D. Del. 2009) (striking declarations to the extent they included hearsay statements about conversations between out-of-court declarants for the truth of the matter asserted).

REDACTED

REDACTED

This Court has refused to admit similar declarations relying on hearsay in the past. *See, e.g., Transportes Aeros Pegaso,* 623 F. Supp. 2d at 531-533. It should refuse again and strike the assemblage of secondhand or unidentified statements that Mr. Schneider proffers.

**B.    The Schneider Declaration Is Rife With Impermissible Speculation And Unfounded Conclusions**

"A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. Lay witnesses may provide opinions or explain their inferences, but such statements must be "grounded in observation or other first-hand personal experience" and cannot be "flights of fancy, speculations, hunches, intuitions, or rumors about matters remote from that experience." *Visser v. Packer Eng'g Assoc.,* 924 F.2d 655 (7th Cir. 1991); *see also* Fed. R. Evid. 701.

REDACTED

REDACTED


REDACTED


At best, these assertions constitute Mr. Schneider's hunches, beliefs, or speculation in an attempt to establish that IGT would suffer irreparable harm absent a permanent injunction. This Court, however, has repeatedly declined to grant injunctions where, as here, the movant failed to adduce sufficient evidence of actual harm. *See, e.g., Adv. Cardiovascular Sys., Inc. v. Medtronic Vascular, Inc.*, 579 F. Supp. 2d 554, 560 (D. Del. 2008) (refusing to grant an injunction because plaintiff "ha[d] not identified any specific customer it ha[d] lost, or [stood] to lose, *directly as a result of [defendant's] continued sales of infringing products*"); *IMX, Inc. v.*

*Lendingtree, LLC*, 469 F. Supp. 2d 203 (D. Del. 2006) (no injunction because plaintiff "put forward no evidence of irreparable harm resulting from defendant's infringement, for example, market or financial data"); and *Praxair, Inc. v. ATMI, Inc.*, 479 F. Supp. 2d 440 (D. Del. 2007) (plaintiff would not receive an injunction because it failed to "identify *precisely* what market share, revenues, and customers" it lost to defendant).  Likewise, here, a permanent injunction cannot be based on such unfounded assertions of irreparable harm.

## CONCLUSION

For the reasons above, Bally respectfully requests that the Court strike the Schneider Declaration in its entirety.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

OF COUNSEL:

Charles K. Verhoeven
QUINN EMANUEL URQUHART
  OLIVER & HEDGES, LLP
50 California Street
San Francisco, CA  94111
(415) 875-6600

Edward J. DeFranco
Alexander Rudis
QUINN EMANUEL URQUHART
  OLIVER & HEDGES, LLP
335 Madison Avenue
New York, NY  10017
(212) 849-7000

JP Cody
Assistant General Counsel
  Intellectual Property
BALLY TECHNOLOGIES, INC.
6601 S. Bermuda Road
Las Vegas, NV 89119
(702) 584-7356

September 28, 2009

*[signature]*

Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
Jeremy A. Tigan (#5239)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
klouden@mnat.com
jtigan@mnat.com
  *Attorneys for Defendants*
  *Bally Gaming International, Inc., Bally*
  *Technologies, Inc., and Bally Gaming, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2009, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

William J. Wade, Esquire
Richards, Layton & Finger

and that I also caused copies to be served upon the following in the manner indicated:

## BY ELECTRONIC MAIL

William J. Wade, Esquire
RICHARDS, LAYTON & FINGER
One Rodney Square
Wilmington, DE  19801

David P. Enzminger, Esquire
David Dalke, Esquire
O'MELVENY & MYERS LLP
610 Newport Center Drive
Newport Beach, CA  92660

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)