IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IGT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-282-SLR |
| | ) |
| BALLY GAMING INTERNATIONAL, | ) |
| INC., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 20th day of June, 2012, having conferred with counsel, and having reviewed the record at bar regarding the issue of whether plaintiff adequately identified and preserved the issue of willfulness;

IT IS ORDERED that, upon further reflection, the May 17, 2012 order (D.I. 416) is withdrawn and the court's decision on the issue of willfulness is revised to preclude plaintiff from presenting evidence of willfulness during the damages phase of the case, for the reasons that follow:

1. **Procedural background.** In its complaint, plaintiff asserted that defendants were willfully infringing the patents-in-suit. (D.I. 1) On June 7, 2006, defendants propounded their interrogatory numbered 11: "State in detail the bases for [IGT's] claim of damages, including without limitation [IGT's] contention that Bally's alleged infringement of the patents-in-suit is willful." Although plaintiff responded to the interrogatory vis a vis its damages contentions, its response did not include any

reference to the issue of willfulness. (D.I. 289, ex. 1) Thereafter, and not insignificantly, plaintiff requested that the issue of willfulness be tried during the liability phase of the case. (D.I. 122 at 5; D.I. 125) Plaintiff never supplemented its answer to interrogatory numbered 11; indeed, the issue of willfulness was not specifically pursued during fact or expert discovery, or through the extensive summary judgment motion practice. By the time the pretrial order was submitted, the parties presented opposing views on whether the issue of willfulness had been appropriately vetted during discovery in order to be tried. (D.I. 279, exs.11 and 13; D.I. 289; D.I. 293) Following the disposition of the summary judgment motions, only two issues remained for the June 1, 2009 trial: plaintiff's allegation of willful infringement and defendants' counterclaim for invalidity of the '983 patent. The parties agreed to postpone resolution of the remaining issues so that they could expeditiously appeal the summary judgment decisions. Consequently, defendants dismissed their counterclaim without prejudice. Although the parties pursued their dispute on willfulness via letter memoranda (D.I. 289; D.I. 293), the court left the issue unresolved until the damages phase of the case. (D.I. 352 at 2)

2. **Standard of review**. A finding of willful infringement allows an award of enhanced damages under 35 U.S.C. § 284. The Federal Circuit, in *In re Seagate Tech., LLC,* 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc), established a two-pronged test for determining whether willful infringement has been proven by clear and convincing evidence. First, "'a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted

2

infringement of a valid patent." *Id.* Once the "threshold objective standard" has been satisfied, "the patentee must also demonstrate that this objectively-defined risk . . . was either known or so obvious that it should have been known to the accused infringer." *Id.* "Drawing inferences, especially for 'an intent-implicating question such as willfulness, is peculiarly within the province of the fact finder that observed the witnesses.'" *Bard Peripheral Vascular, Inc. v. W.L. Gore & Associates, Inc*, 670 F.3d 1171, 1189-1190 (Fed. Cir. 2012) (quoting *Rolls-Royce, Ltd. v. GTE Valeron Corp.*, 800 F.2d 1101, 1110 (Fed. Cir. 1986)).

3. **Discussion.** Plaintiff, over defendants' objection, requested permission to pursue the issue of willfulness during the liability phase of the case. Although the court generally separates the resolution of liability from the resolution of willfulness and damages, the court granted plaintiff's request. Plaintiff never brought up the issue of willfulness again until the April 2009 pretrial order. In seeking a second opportunity to pursue its willfulness claim, plaintiff is requesting a second bite at the apple. The court is not inclined to make two exceptions for plaintiff.[1]

_____
United States District Judge

---

[1] The court notes that, even if the record demonstrated an objectively high likelihood that defendants' products infringed the "812 and '885 patents, *see IGT v. Bally Gaming International, Inc.*, 659 F.3d 1109 (Fed. Cir. 2011), nevertheless, there remain questions of fact concerning subjective willfulness that have not been vetted through discovery. Based on the record recited above, the court declines to insert into the abbreviated scheduling order (D.I. 384) such issues.

3